IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75218-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CLIFFORD PAUL LAPOINTE, JR, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 6, 2017 |

SCHINDLER, J. — In 2013, the Washington State Legislature amended RCW 9A.52.100 to elevate the crime of gross misdemeanor vehicle prowling in the second degree to a class C felony "upon a third or subsequent conviction."[1] The statute defines "a third or subsequent conviction" to mean "a person has been previously convicted at least two separate occasions of the crime of vehicle prowling in the second degree."[2] The statute identifies two circumstances that "do not count as separate offenses": multiple counts either charged in the same information or based on the same date of occurrence.[3] Clifford Paul LaPointe Jr. contends the court erred in denying his Knapstad[4] motion to dismiss the 2016

---

[1] LAWS OF 2013, ch. 267, § 1.
[2] RCW 9A.52.100(3).
[3] RCW 9A.52.100(4).
[4] State v. Knapstad, 107 Wn.2d 346, 729 P.2d 48 (1986).

charge of felony vehicle prowling in the second degree. LaPointe argued that because he pleaded guilty to charges of misdemeanor vehicle prowling on the same day and in the same proceeding in 2013, he had not been previously convicted on two separate occasions. The State argued that because LaPointe was not charged in the same amended information and the charges were not based on the same date of occurrence, the 2013 convictions elevated the 2016 offense to a felony. The court denied the motion to dismiss the felony charge and convicted LaPointe of felony vehicle prowling in the second degree. Because the language of the statute is ambiguous, we conclude the 2013 convictions that occurred on the same day and in the same proceeding did not elevate the crime to a felony. We reverse denial of the Knapstad motion to dismiss and the conviction of felony vehicle prowling in the second degree, and remand.

2013 Convictions

On December 9, 2013, Clifford Paul LaPointe Jr. pleaded guilty as charged by amended information to two counts of misdemeanor vehicle prowling in the second degree in July 2013 and in September 2013; King County cause number 13-1-13980-1 KNT. LaPointe also pleaded guilty as charged by amended information to vehicle prowling in the second degree in May 2013; King County cause number 13-C-12822-1 KNT.

On January 3, 2014, the court sentenced LaPointe on the convictions. The court imposed a concurrent 364-day suspended sentence.

<u>2016 Felony Charge</u>

On January 6, 2016, the State charged LaPointe with felony vehicle prowling in the second degree. The information alleged LaPointe had "previously been convicted on at least two separate occasions of the crime of vehicle prowling in the second degree, each occurring on a separate date and not having been charged in the same charging document."

LaPointe filed a <u>Knapstad</u> motion to dismiss the charge of felony vehicle prowling in the second degree. LaPointe argued that under the plain and unambiguous language of RCW 9A.52.100(3), he had not been previously convicted on "two separate occasions." LaPointe asserted the undisputed record established he pleaded guilty in 2013 by amended information to the misdemeanor vehicle prowling in the second degree charges on the same day and in the same proceeding.

The State argued the court should deny the motion to dismiss under RCW 9A.52.100(4). The State asserted that because LaPointe pleaded guilty as charged in two amended informations to offenses that occurred on different dates, his 2013 convictions elevated the current offense to a felony.

The trial court denied the <u>Knapstad</u> motion. The court concluded LaPointe had been previously convicted on at least two separate occasions because he pleaded guilty in 2013 to misdemeanor vehicle prowling in the second degree "based on separate dates of occurrence" as charged in separate charging documents. The order states, in pertinent part:

> RCW 9A.52.100(3) is not ambiguous. Read in conjunction with
> RCW 9A.52.100(4), the plain language of RCW 9A.52.100(3)

describing "a person previously convicted at least two separate occasions of the crime of vehicle prowling in the second degree" is a person who has been convicted of two counts of vehicle prowling charged under separate charging documents and based on separate dates of violation or occurrence.

In this case, the defendant was convicted of two counts of vehicle prowling in the second degree under King County Cause No. 13-1-13980-1, and one count of vehicle prowling in the second degree under King County Cause No. 13-1-12822-1. These convictions are each based on separate dates of occurrence. The convictions under 13-1-13980-1 were charged in a charging document that is separate from the charging document in 13-1-12822-1. The two cause numbers were sentenced on the same date to give the defendant the benefit of presumptively concurrent sentences.

LaPointe agreed to a trial on stipulated facts. The court convicted LaPointe of felony vehicle prowling in the second degree. The court ruled the State proved beyond a reasonable doubt that LaPointe had been previously convicted on two separate occasions of the crime of misdemeanor vehicle prowling in the second degree. The conclusions of law state, in pertinent part:

  e.  The prior convictions for vehicle prowling in the second degree were not charged in the same information.

  f.  The prior convictions for vehicle prowling in the second degree were not based on the same date of occurrence.

## Standard of Review

LaPointe contends the court erred in denying his Knapstad motion to dismiss the felony charge of vehicle prowling in the second degree.

We review a trial court's decision on a Knapstad motion de novo. State v. Bauer, 180 Wn.2d 929, 935, 329 P.3d 67 (2014). Resolution of the Knapstad motion turns on statutory interpretation of RCW 9A.52.100. Interpretation of a

statute is a question of law we review de novo. <u>State v. Gonzalez</u>, 168 Wn.2d 256, 263, 226 P.3d 131 (2010).

<u>Felony Vehicle Prowling in the Second Degree</u>

In 1975, the legislature added Title 9A as "a new title to the Revised Code of Washington." LAWS OF 1975, 1st Ex. Sess., ch. 260. Chapter 9A.52 RCW, "Burglary and Trespass," includes the gross misdemeanor crime of vehicle prowling. LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.52.100 (codified as RCW 9A.52.100). Former RCW 9A.52.100 (1975) states:

> **Vehicle Prowling.** (1) A person is guilty of vehicle prowling if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a vehicle.
> (2) Vehicle prowling is a gross misdemeanor.

In 1982, the legislature enacted a new section to define the crime of felony vehicle prowling in the first degree. LAWS OF 1982, 1st Ex. Sess., ch. 47, § 13. The new section states, in pertinent part:

> (1) A person is guilty of vehicle prowling in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a motor home . . . or in a vessel . . . which has a cabin equipped with permanently installed sleeping quarters or cooking facilities.
> (2) Vehicle prowling in the first degree is a class C felony.

LAWS OF 1982, 1st Ex. Sess., ch. 47, § 13 (codified as RCW 9A.52.095). The legislature amended misdemeanor vehicle prowling as a crime in the second degree. LAWS OF 1982, 1st Ex. Sess., ch. 47, § 14. Former RCW 9A.52.100 (1982) states, in pertinent part:

> (1) A person is guilty of vehicle prowling <u>in the second degree</u> if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a vehicle <u>other than a</u>

motor home . . . or a vessel . . . which has a cabin equipped with permanently installed sleeping quarters or cooking facilities.

(2) Vehicle prowling in the second degree is a gross misdemeanor.

LAWS OF 1982, 1st Ex. Sess., ch. 47, § 14.[5]

In 2013, the Washington State Senate proposed an amendment to RCW 9A.52.100 to elevate the crime of misdemeanor vehicle prowling in the second degree to a felony "upon a third or subsequent conviction." S.B. 5053, at 1, 63rd Leg., Reg. Sess. (Wash. 2013).[6] Proposed Senate Bill 5053 states, in pertinent part:

> (2) Except as provided in subsection (3) of this section, vehicle prowling in the second degree is a gross misdemeanor.
> (3) Vehicle prowling in the second degree is a class C felony upon a third or subsequent conviction of vehicle prowling in the second degree.

S.B. 5053, at 1, 63rd Leg., Reg. Sess. (Wash. 2013).[7]

The Washington State House of Representatives amended Senate Bill 5053 to define when a "third or subsequent conviction" elevates vehicle prowling in the second degree to a felony. The house also added a new subsection that identifies two situations that do not elevate the crime to a felony.

> (2) Except as provided in subsection (3) of this section, vehicle prowling in the second degree is a gross misdemeanor.
> (3) Vehicle prowling in the second degree is a class C felony upon a third or subsequent conviction of vehicle prowling in the second degree. A third or subsequent conviction means that a person has been previously convicted at least two separate occasions of the crime of vehicle prowling in the second degree.
> (4) Multiple counts of vehicle prowling (a) charged in the same charging document do not count as separate offenses for the

---

[5] (Emphasis in original.) In 2011, the legislature amended RCW 9A.52.095 and RCW 9A.52.100 to add gender-neutral language. LAWS OF 2011, ch. 336, §§ 375, 376.

[6] Emphasis omitted.

[7] Emphasis in original.

6

> purposes of charging as a felony based on previous convictions for vehicle prowling in the second degree and (b) based on the same date of occurrence do not count as separate offenses for the purposes of charging as a felony based on previous convictions for vehicle prowling in the second degree.

ENGROSSED S.B. 5053, at 1-2, 63rd Leg., Reg. Sess. (Wash. 2013).[8]

On April 24, the senate passed Engrossed Senate Bill 5053 as amended by the house. ENGROSSED S.B. 5053, 63rd Leg., Reg. Sess. (Wash. 2013). In May, the governor signed Engrossed Senate Bill 5053. The bill took effect July 28, 2013. LAWS OF 2013, ch. 267, at ii.

LaPointe argues that under the plain and unambiguous language of RCW 9A.52.100(3), the court erred in denying his Knapstad motion to dismiss the felony charge because he had not been previously convicted on two separate occasions. The State asserts that under RCW 9A.52.100(4), LaPointe was previously convicted on two separate occasions because he was not charged in the same information and the crimes occurred on different dates.[9]

When interpreting a statute, our fundamental goal is to ascertain and carry out the intent of the legislature. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). We seek to determine legislative intent solely from the plain language of the statute. State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). "The 'plain meaning' of a statutory provision is to be discerned from the ordinary meaning of the language at issue." State v. Jacobs, 154 Wn.2d 596,

---

[8] (Emphasis in original.) The State does not dispute the two counts charged in the same amended information under cause number 13-1-13980-1 KNT count as only one previous conviction. See RCW 9A.52.100(4)(a).

[9] We note both parties assume that "convicted at least two separate occasions" means "convicted on at least two separate occasions." But if the legislature inadvertently omitted the word "for," the statute could also read "convicted for at least two separate occasions."

600, 115 P.3d 281 (2005). We derive legislative intent from the plain language of the statute by "considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." Evans, 177 Wn.2d at 192. "[W]e do not analyze individual subsections in isolation from the other sections of the statute when doing so would undermine the overall statutory purpose." State v. Reis, 183 Wn.2d 197, 209, 351 P.3d 127 (2015). We must also interpret and construe a statute to harmonize and give effect to the language used in the statute with no portion rendered meaningless or superfluous and assume the legislature means exactly what it says. State v. Peterson, 174 Wn. App. 828, 856, 301 P.3d 1060 (2013); State v. J.P., 149 Wn.2d 444, 450, 69 P.3d 318 (2003); State v. Delgado, 148 Wn.2d 723, 727, 63 P.3d 792 (2003).

RCW 9A.52.100(1) defines the crime of vehicle prowling in the second degree.[10] The plain and unambiguous language of RCW 9A.52.100(2) unequivocally states vehicle prowling in the second degree is a gross misdemeanor "[e]xcept as provided in subsection (3) of this section."

The plain and unambiguous language of RCW 9A.52.100(3) elevates the crime of vehicle prowling in the second degree to a class C felony "upon a third or subsequent conviction." RCW 9A.52.100(3) defines a "third or subsequent conviction" to mean a person "has been previously convicted at least two

_____

[10] RCW 9A.52.100(1) provides, in pertinent part:
A person is guilty of vehicle prowling in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a vehicle other than a motor home . . . or a vessel.

separate occasions of the crime of vehicle prowling in the second degree."[11]

RCW 9A.52.100(3) states:

> Vehicle prowling in the second degree is a class C felony upon a third or subsequent conviction of vehicle prowling in the second degree. A third or subsequent conviction means that a person has been previously convicted at least two separate occasions of the crime of vehicle prowling in the second degree.

It is an axiom of statutory interpretation that where the legislature defines a term, we will use that definition. United States of Am. v. Hoffman, 154 Wn.2d 730, 741, 116 P.3d 999 (2005). RCW 9.94A.030(9) defines a "conviction" to mean "an adjudication of guilt pursuant to [the applicable rules of criminal procedure] and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." See also State v. Cooper, 176 Wn.2d 678, 682, 294 P.3d 704 (2013) ("[T]he acceptance of a plea of guilty is an adjudication of guilt."); State v. Schimmelpfennig, 92 Wn.2d 95, 104, 594 P.2d 442 (1979) ("A plea of guilty to a criminal offense is a confession of guilt whose result is equivalent to conviction.").

The legislature does not define the term "separate occasions." In the absence of a definition of "separate occasions," we give the words ordinary meaning. State v. Standifer, 110 Wn.2d 90, 92, 750 P.2d 258 (1988).

In State v. Kintz, 169 Wn.2d 537, 546-48, 238 P.3d 470 (2010), the Washington Supreme Court cites State v. Bolar, 129 Wn.2d 361, 917 P.2d 125 (1996), and the dictionary to define "separate occasions" to mean independent, different, and distinct occurrences or incidents.

> [A]s the Court of Appeals noted, "Webster's Third New International Dictionary 1560, 2069 (1969) defines 'occasion' as 'a particular occurrence : HAPPENING, INCIDENT'; 'separate' is defined as 'set or

---

[11] Emphasis added.

> kept apart,' 'not shared with another : INDIVIDUAL, SINGLE,'
> autonomous, independent, distinct, and different." [State v. Kintz,
> 144 Wn. App. 515, 522, 191 P.3d 62 (2008)]. Similarly, our court
> has held that the undefined term "separate" in a different statute
> meant " 'not shared with another,' 'individual,' 'single,' 'existing by
> itself,' 'independent,' 'distinct,' and 'different.' " [Bolar, 129 Wn.2d
> at 366] (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY
> 2069 (1986)).

Kintz, 169 Wn.2d at 548.

In State v. Bluford, 195 Wn. App. 570, 379 P.3d 163 (2016), reversed on other grounds, 188 Wn.2d 298, 393 P.3d 1219 (2017), we interpreted RCW 9.94A.030 of the Persistent Offender Accountability Act. RCW 9.94A.030 states prior qualifying convictions must "occur 'on at least two separate occasions.' " Bluford, 195 Wn. App. at 591 (quoting RCW 9.94A.030(38)(a)(ii)). We held pleading guilty on the same day to two different counts of armed robbery "were not convictions on two separate occasions." Bluford, 195 Wn. App. at 591.

> These South Carolina convictions were both on the same day,
> August 12, 1998, the date he pleaded guilty to the two counts of
> armed robbery. Thus, they were not convictions on two separate
> occasions.

Bluford, 195 Wn. App. at 591.

The undisputed record establishes LaPointe pleaded guilty on December 9, 2013 to misdemeanor vehicle prowling in the second degree as charged by an amended information in two different cause numbers. Because the convictions occurred on the same date in the same proceeding, we conclude that under the plain and unambiguous language of RCW 9A.52.100(3), LaPointe was not convicted in 2013 of misdemeanor vehicle prowling in the second degree on two

separate occasions. But our conclusion does not resolve the State's argument that RCW 9A.52.100(4) controls.

The State argues the legislature "both defined 'separate occasions' and created the list of convictions <u>not</u> to be considered as 'separate occasions' " in RCW 9A.52.100(4).[12] We disagree with the State's interpretation of RCW 9A.52.100(4).

RCW 9A.52.100(3) specifically defines when previous convictions elevate the crime to a felony: previous convictions on "at least two separate occasions." Where a statute specifically designates the things upon which it operates, there is an inference the legislature intended all omissions. <u>In re Pers. Restraint of Hopkins</u>, 137 Wn.2d 897, 901, 976 P.2d 616 (1999).

The State's argument that by identifying two situations that do not count as convictions for purposes of charging a felony in RCW 9A.52.100(4), the legislature has defined "separate occasions" that elevate the crime to a felony, is the inverse of what the language actually says. RCW 9A.52.100(4) states that multiple counts of vehicle prowling either charged in the same information or "based on the same date of occurrence" do not count as separate offenses for the purposes of charging as a felony:

> Multiple counts of vehicle prowling (a) charged in the same charging document do not count as separate offenses for the purposes of charging as a felony based on previous convictions for vehicle prowling in the second degree and (b) based on the same date of occurrence do not count as separate offenses for the purposes of charging as a felony based on previous convictions for vehicle prowling in the second degree.

---

[12] Emphasis in original.

11

The State's argument also relies on a logical fallacy. " 'The proposition that "A implies B" is not the equivalent of "non-A implies non-B," and neither proposition follows logically from the other.' " Wash. Fed. v. Gentry, 179 Wn. App. 470, 484-85, 319 P.3d 823 (2014) (quoting Crouse-Hinds Co. v. InterNorth, Inc., 634 F.2d 690, 702 n.20 (2d Cir. 1980) (citing JOHN C. COOLEY, A PRIMER OF FORMAL LOGIC 7 (1942))). In other words, identifying two situations that do not count as separate offenses does not mean the inverse—that pleading guilty on the same day in the same proceeding to multiple charges that occurred on different days in two different cause numbers elevates the crime to a felony.

Further, RCW 9A.52.100(4) does not state that the two situations identified by the legislature are the only situations that do not count as separate offenses. If RCW 9A.52.100(4) is exhaustive and definitive, subsection (3) is superfluous. We also note that unlike the language used in RCW 9A.52.100(3) that defines a third or subsequent conviction, subsection (4) uses different language in identifying the two situations that "do not count as separate offenses for the purposes of charging as a felony."[13] RCW 9.94A.030 broadly defines a "most serious offense" as a felony offense and a "nonviolent offense" as "an offense which is not a violent offense." RCW 9.94A.030(33), (34). A statute that is inconsistent with its own terms is ambiguous. State v. Hennings, 129 Wn.2d 512, 522, 919 P.2d 580 (1996).

If a statute is ambiguous, "[w]e may then look to legislative history for assistance in discerning legislative intent." Evans, 177 Wn.2d at 192-93. Below,

---

[13] Emphasis added.

the State submitted the House Bill Report on Engrossed Senate Bill 5053 and the Final Bill Report on Engrossed Senate Bill 5053. H.B. REP. ON ENGROSSED S.B. 5053, 63rd Leg., Reg. Sess. (Wash. 2013); FINAL BILL REP. ON ENGROSSED S.B. 5053, 63rd Leg., Reg. Sess. (Wash. 2013). Neither report addresses the legislative intent of the amendment to RCW 9A.52.100(3) or the new section, RCW 9A.52.100(4).[14]

Where legislative intent is " 'insufficient to clarify the ambiguity,' " we interpret the statute in favor of the defendant under " 'the rule of lenity.' " Evans, 177 Wn.2d at 193 (quoting In re Post Sentencing Review of Charles, 135 Wn.2d 239, 250 n.4, 955 P.2d 798 (1998)). Under the rule of lenity, we "strictly construe[ ]" the statute in favor of the defendant. State v. Hornaday, 105 Wn.2d 120, 127, 713 P.2d 71 (1986). We "interpret an ambiguous penal statute adversely to the defendant only if statutory construction 'clearly establishes' that the legislature intended such an interpretation." Evans, 177 Wn.2d at 193 (quoting City of Seattle v. Winebrenner, 167 Wn.2d 451, 462, 219 P.3d 686 (2009)).

Because neither a plain reading of the statutory scheme as a whole nor legislative history clearly resolves the ambiguity, under the rule of lenity, we interpret the statute to mean that when a defendant pleads guilty on the same day in a single proceeding to multiple counts of misdemeanor vehicle prowling as

---

[14] We also note the reports specifically state:

This analysis was prepared by non-partisan legislative staff for the use of legislative members in their deliberations. This analysis is not a part of the legislation nor does it constitute a statement of legislative intent.

H.B. REP. ON ENGROSSED S.B. 5053, at 1, 63rd Leg., Reg. Sess. (Wash. 2013) (italics omitted); FINAL BILL REP. ON ENGROSSED S.B. 5053, at 1, 63rd Leg., Reg. Sess. (Wash. 2013) (italics omitted).

charged by amended information in two different cause numbers, the crime of vehicle prowling in the second degree is not elevated to a felony. We reverse denial of the <u>Knapstad</u> motion to dismiss and the conviction of felony vehicle prowling in the second degree, and remand.

WE CONCUR: