[No. 86733-0.   En Banc.]
Argued September 11, 2012.     Decided February 14, 2013.

THE STATE OF WASHINGTON, *Respondent*, v. JOHN GEORGE COOPER, *Petitioner*.

*Jan Trasen* and *Gregory C. Link* (of *Washington Appellate Project*), for petitioner.

*Anthony F. Golick, Prosecuting Attorney*, and *Abigail E. Bartlett, Deputy*, for respondent.

¶1 CHAMBERS, J.[*] — John George Cooper was arrested in Washington State in July 2009 for attempting to obtain pain-killers with a fake prescription. In October 2009, while his case was pending, Cooper jumped bail. According to Cooper, he was summoned to Texas by his father to assist in his grandfather's funeral. While in Texas in 2010, Cooper committed another theft for which he was arrested and convicted. That conviction is not at issue here. Cooper was

---

[*] Justice Tom Chambers is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

also sentenced at the same time for two thefts he had previously committed in Texas in 2008. The Texas court deferred those sentences in March 2010. Cooper returned to Washington a few months later and pleaded guilty to the pain-killer incident as well as bail jumping. The two deferred sentences he had just received in Texas were counted as part of his offender score.[1] Cooper's sole argument is that the Texas deferred sentences are not adjudications of guilt and so should not count as convictions for the purpose of calculating his Washington offender score. The trial court and Court of Appeals rejected his argument. We also reject his argument and affirm the Court of Appeals.

## ANALYSIS

¶2 This case requires us to interpret the meaning of the term "conviction" in Washington's sentencing scheme. Statutory construction is a question of law we review de novo. *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005) (citing *State v. Votava*, 149 Wn.2d 178, 183, 66 P.3d 1050 (2003)).

### CONTRASTING TEXAS AND WASHINGTON DEFERRED SENTENCE SCHEMES

¶3 In Texas, if the defendant is eligible for community custody, "the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a). If the defendant violates probation, he may be arrested and the court may adjudicate

---

[1] The calculation of the offender score in this case does not add up under the record we have. The criminal history lists four felonies and one misdemeanor. Clerk's Papers (CP) at 21. Misdemeanors are not counted, and it would appear the offender score should be four. However, the score is represented as "3" in some places, CP at 22, 23, and "3 or 5" in others. CP at 7, 21. The parties do not address this anomaly and neither do we.

guilt, at which point the case proceeds as if there had never been a deferral. *Id.* § 5(b). But if the defendant successfully completes his probation, "the judge shall dismiss the proceedings against the defendant and discharge him." *Id.* § 5(c). Such a dismissal "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense." *Id.* However, even if proceedings are dismissed, "upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty." *Id.* § 5(c)(1).

¶4 In Washington, the procedure for imposing a deferred sentence is similar but the acceptance of a plea of guilty by the court is an adjudication of guilt and a conviction. A conviction "means *an adjudication of guilt* pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9) (emphasis added). However, Washington provides for a mechanism to have a conviction vacated. RCW 9.94A.640(1) provides that any discharged offender "may apply to the sentencing court for a vacation of the offender's record of conviction." Vacation is not available if the offender has any pending criminal charges, has committed one of certain listed offenses excluded from vacation, or was convicted of another crime after discharge. RCW 9.94A.640(2). Also, certain crimes require a waiting period after discharge before the offender is eligible to apply for vacation. *Id.* Finally, if the court decides to vacate the conviction, "the fact that the offender has been convicted of the offense shall not be included in the offender's criminal history for purposes of determining a sentence in any subsequent conviction, and the offender shall be released from all penalties and disabilities resulting from the offense." RCW 9.94A.640(3). However, vacation does not "affect[ ] or prevent[ ] the use of

an offender's prior conviction in a later criminal prosecution." *Id.*[2]

¶5 To summarize, in Texas a judge may decide not to adjudicate guilt upon accepting a plea of guilty. Instead, adjudication of guilt may be deferred along with a sentence, and the defendant placed on community supervision. Upon successfully completing conditions of community supervision, the charges are dismissed without any adjudication of guilt ever occurring. However, the fact that the defendant received community supervision is admissible for penalty purposes in any later conviction. A defendant's probation in Texas may thus count as part of his criminal history for purposes of sentencing even though guilt was never adjudicated.

¶6 In Washington, by contrast, the acceptance of a plea of guilty is an adjudication of guilt. The consequence of vacation of a deferred sentence is that the conviction may be used only as an element of a crime to determine guilt in a subsequent prosecution but not as criminal history to determine penalty, just the opposite of Texas. Texas and Washington also differ in that Washington provides for a postjudgment vacation option, whereas Texas does not. Because the Texas procedure does not adjudicate guilt in the first place, if the defendant successfully completes probation, the charges are dismissed and there is no actual "conviction" under Texas law that needs to be vacated.

STATUTORY CONTENTIONS

¶7 Cooper's argument is statutory. He argues that his Texas deferred prosecutions are not convictions under

---

[2] We recently addressed dismissal or vacation of convictions in Washington in detail in *In re Personal Restraint of Carrier*, 173 Wn.2d 791, 272 P.3d 209 (2012). In Washington, vacation of crimes committed on or after July 1, 1984, is governed by RCW 9.94A.640. Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, this is "the sole mechanism for removing the conviction from a defendant's criminal history." *Carrier*, 173 Wn.2d at 804 (citing former RCW 9.94A.030(13)(b) (2004)).

Washington's statutory scheme and therefore cannot be counted as part of his offender score. He relies heavily on Washington's definition of "conviction": " 'Conviction' means an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). Cooper points to the statutory language that conviction "means an adjudication of guilt" and argues that because under Texas law his deferred prosecutions are not adjudications of guilt, they cannot be convictions in Washington. *Id.* In short, Cooper's entire argument rests upon the language defining a "conviction" as "an adjudication of guilt pursuant to Title 10 or 13 RCW." *Id.*

■■ ¶8 Cooper's argument requires us to interpret the statute. We begin with the plain language of the statute. If the plain language is unambiguous, we need go no further. *Roggenkamp*, 153 Wn.2d at 621 (citing *State v. Avery*, 103 Wn. App. 527, 532, 13 P.3d 226 (2000)). But if the language may be reasonably interpreted in more than one way, it is ambiguous, and we may rely on the standard aids to statutory construction. *Id.* (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001); *Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 243, 59 P.3d 655 (2002)). The plain language of RCW 9.94A.030(9) states that a conviction "includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." Further, the statute expressly states a "conviction" is "an adjudication of guilt," which includes the acceptance of a plea of guilty. *Id.* An adjudication of guilt in Washington therefore includes the acceptance of a guilty plea.

■ ¶9 When comparing foreign convictions for the purpose of calculating offender scores, this court has long looked to the elements of the crime in the foreign jurisdiction to see if they satisfy the requirements of a conviction in Washington. *See State v. Wiley*, 124 Wn.2d 679, 684-85, 880 P.2d 983 (1994). We look beyond the name or title another

jurisdiction places on an offense and examine the actual elements of the offense. *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). If the foreign conviction meets the elements and other requirements of a conviction for a Washington offense, we count for offender score purposes the foreign conviction as a conviction of the Washington offense with the same elements. *Id.* Similarly, in determining an offender score, we look not to whether a state has given the label of "conviction" to a particular procedure but to whether the foreign statutory requirements and the actual procedure followed would generally satisfy the requirements of a conviction in Washington.[3]

¶10 When Cooper pleaded guilty to the two charges in Texas in 2010, he "admit[ted] . . . each and every element" of the offenses charged. Clerk's Papers at 44, 54. The court found that he was sane, competent, and represented by counsel. The court found he understood the nature of charges against him, the consequences of his plea, and that his plea and waiver of a jury trial was knowing and voluntary. The court found there was sufficient evidence to find Cooper guilty of the offenses charged. Cooper concedes that if the deferred sentences had occurred in Washington instead of Texas, they would be convictions under Washington law. Again, Cooper's only argument is that when the legislature defined a "conviction" as "an adjudication of guilt pursuant to Title 10 or 13 RCW" it meant to require adjudication of guilt under the procedures of a foreign jurisdiction. RCW 9.94A.030(9). But rather than RCW 9.94A.030's requiring an adjudication of guilt, the statute plainly defines an "adjudication of guilt" as including acceptance of a plea. *Id.* The acceptance of a plea of guilty satisfies the statutory definition of an "adjudication of guilt" for purposes of Washington criminal history.

---

[3] We are not suggesting the foreign conviction must coincide with an equivalent Washington conviction in every detail, only that Washington's requirements must be substantially followed.

¶11 Based upon a plain reading of the statute, we hold Cooper's pleas of guilty to the two 2008 offenses for which he received a deferred sentence in Texas were convictions in Washington for the purpose of calculating his offender score.[4]

## CONCLUSION

¶12 Cooper argues that two deferred sentences in Texas to which he entered pleas of guilty are not adjudications of guilt for the purpose of calculating his offender score in Washington. But the plain language of RCW 9.94A.030(9) includes acceptance of a guilty plea as a "conviction" for offender score and sentencing purposes. The Texas statutory requirements and the actual procedure followed in Texas substantially satisfy the requirements for a conviction in Washington. We hold Cooper's Texas deferred sentences are convictions and including them for offender score purposes was proper. We affirm the Court of Appeals.

MADSEN, C.J., and C. JOHNSON, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

---

[4] We do not reach whether a deferred sentence in Texas that is dismissed upon successful completion of probation is a conviction in Washington for purposes of calculating an offender score.