**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80214-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JEFFREY DAVID CONAWAY, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Jeffrey Conaway appeals his conviction for felony indecent exposure, alleging that the State failed to provide sufficient evidence of his prior conviction, that the court improperly commented on the evidence by defining "conviction," and that the court abused its discretion when it responded to the jury inquiry. We affirm.

## FACTS

After Jeffrey Conaway exposed his penis to a 17-year-old girl while she was alone at her family's garage sale, the State charged Conaway with felony indecent

Citations and pin cites are based on the Westlaw online version of the cited material.

exposure predicated on a prior conviction for indecent exposure.[1]  The predicate offense was a 2006 charge for misdemeanor indecent exposure.  Conaway entered a guilty plea on the 2006 charge in exchange for a deferred sentence.  After Conaway complied with all of the conditions of the deferred sentence, the court dismissed the 2006 charge.

At trial, the State sought to introduce evidence of Conaway's prior conviction, but discovered that the district court destroyed the files and no longer had a copy of the judgment and sentence.  The trial court admitted the 2006 misdemeanor indecent exposure docket, the only available document, as proof of the predicate offense required for the felony indecent exposure charge.  The trial court also admitted testimony from witness Erika Miller regarding the incident to prove motive, intent, knowledge, and lack of accident or mistake.  The jury convicted Conaway as charged.

Conaway appealed, and this court reversed and remanded for a new trial because the trial court erroneously admitted prejudicial propensity evidence by admitting Miller's testimony.[2]  We held that without Miller's testimony, the State lacked evidence to support a guilty verdict on the special allegation of sexual motivation.

On remand, the State dismissed the allegation of sexual motivation and charged Conaway with felony indecent exposure.  The State again sought to introduce the docket from the 2006 case in order to prove that a prior conviction existed.  RCW 9A.88.010(2)(c).  Conaway moved to exclude the docket.  The court admitted the

---

[1] The State amended the information to include a charge for communication with a minor for immoral purposes.  Then, the State amended the information to dismiss this charge and added a special allegation of sexual motivation to the remaining indecent exposure charge.

[2] State v. Conaway, No. 77107-8-I, slip op. at 4 (Wash. Ct. App. Dec. 3, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/771078.PDF.

docket, finding that the dismissed conviction qualified as a conviction for the prior conviction element of felony exposure. The court instructed the jury that to convict the defendant, the State must prove the following elements:

(1) That on or about June 27, 2016, the defendant made an open and obscene exposure of the defendant's person;
(2) That the defendant acted intentionally;
(3) That the defendant knew that such conduct was likely to cause reasonable affront or alarm;
(4) That the defendant had been previously convicted of indecent exposure; and
(5) That this act occurred in the State of Washington.

Jury instruction 10 stated: "a 'conviction' includes a defendant's plea of guilty followed by a deferred sentence and dismissal."

The jury found Conaway guilty as charged. Conaway appeals.

ANALYSIS

A. Sufficiency of the Evidence

Conaway first argues that we should reverse his conviction because the State failed to provide sufficient evidence of his prior conviction.

The State must prove every element of the charged offense beyond a reasonable doubt. State v. Tongate, 93 Wn.2d 751, 753, 613 P.2d 121 (1980). "To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." State v. Homan, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Our review is limited to whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions. Homan, 181 Wn.2d at 106. "Substantial evidence is evidence sufficient to

persuade a fair-minded, rational person of the finding's truth." State v. Stewart, 12 Wn. App. 2d 236, 240, 457 P.3d 1213 (2020). A claim of insufficient evidence admits the truth of the State's evidence and all reasonable inferences drawn therefrom. State v. Scanlan, 193 Wn.2d 753, 770, 445 P.3d 960 (2019).

"A person is guilty of indecent exposure if he or she intentionally makes any open and obscene exposure of his or her person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm." RCW 9A.88.010(1). Indecent exposure is a felony if the defendant has previously been convicted of indecent exposure. RCW 9A.88.010(2)(c).

Conaway first argues that because his guilty plea followed by a deferred sentence is not a conviction under the charging statute, the State did not present sufficient evidence of his prior conviction.[3] We review a question of statutory interpretation de novo. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). RCW 9.94A.030(9) defines conviction as an adjudication of guilt, including "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." A deferred sentence is a "conviction served" for purposes of the Sentencing Reform Act (SRA). State v. Harper, 50 Wn. App. 578, 580, 749 P.2d 722 (1988). Washington case law dictates that a deferred sentence is a conviction.

In State v. Cooper, 176 Wn.2d 678, 685, 294 P.3d 704 (2013), our Supreme Court held that a defendant's deferred convictions in Texas are convictions for the purposes of calculating the defendant's offender score, concluding that "the plain

_____

[3] The State attempts to use the phrase "statutory validity" in State v. Gray, 134 Wn. App. 547, 557, 138 P.3d 1123 (2006), to argue that we are precluded from reaching this argument, but Gray does not concern statutory interpretation. Conaway did object to the admission of the docket as evidence of his prior conviction, thereby preserving the error on appeal.

language of RCW 9.94A.030(9) includes acceptance of a guilty plea as a 'conviction' for offender score and sentencing purposes." The court held that in Washington, a defendant's acceptance of a guilty plea is an adjudication of guilt. In distinguishing Texas law, the court held that after a deferred sentence is vacated, "the conviction may be used only as an element of a crime to determine guilt in a subsequent prosecution." Cooper, 176 Wn.2d at 682.

In State v. Haggard, 195 Wn.2d 544, 551, 461 P.3d 1159 (2020), the Supreme Court rejected the argument that once the defendant's guilty plea was withdrawn and the not guilty plea entered as the result of a deferred sentence, the conviction is dissolved for all purposes. The court held that legislative elements support the conclusion that a dismissed conviction remains an SRA conviction. Haggard, 195 Wn.2d at 551. While Haggard concerned sentencing, the court still held that a deferred sentence and dismissal does not does not invalidate or erase the initial finding of guilt.[4] Haggard, 195 Wn.2d at 553.

Despite Conaway's contention that the court used the term "conviction" improperly because this was not a sentencing issue, the court properly applied the SRA definition to this case. The legislature specifically defined the term conviction. "It is an axiom of statutory interpretation that where the legislature defines a term, we will use that definition." State v. LaPointe, 1 Wn. App. 2d 261, 269, 404 P.3d 610 (2013). The RCW 9.94A.030(9) definition of conviction is used consistently by our courts to establish

_____

[4] Conaway relies on the quote "unlike former RCW 9.95.240, dismissal under RCW 3.66.067 does not contain language allowing future prosecutions to use a previously dismissed conviction." Haggard, 195 Wn.2d at 552. He ignores the analysis where the court specifies that the SRA focuses on the initial finding of guilt and rejected the defendant's argument. Haggard, 195 Wn.2d at 553.

the existence of a prior conviction as an element of a current felony. See State v. Benitez, 175 Wn. App. 116, 123, 302 P.3d 877 (2013) (the court applied the SRA definition of conviction to establish that a defendant's juvenile adjudication is a prior conviction for an indecent exposure charge); LaPointe, 1 Wn. App. 2d at 269 (the court used the SRA definition of conviction to predicate offenses for a vehicle prowling statute).

Because under the plain language of RCW 9.94A.030(9) a deferred sentence is a conviction, the State's proof of this deferred sentence was sufficient to establish the predicate offense element of indecent exposure. The State presented a certified copy of the 2006 docket of Conaway's prior indecent exposure charge, demonstrating that Conaway entered a guilty plea on July 18, 2007. The court entered a judgment and a deferred sentence for 12 months, and then dismissed the charge after Conaway's compliance. In addition, the State presented testimony from Island County District Court Clerk Linda Bass, who certified the docket and explained that the docket appeared typical of when a defendant pleads guilty, receives a deferred sentence, and completes it. The docket and Bass's testimony established that Conaway entered a guilty plea followed by a deferred sentence, therefore, sufficient evidence supported the jury's finding that Conaway was previously convicted of indecent exposure.

B. Jury Instruction

Conaway next argues that jury instruction 10, which instructed the jury that a conviction includes a defendant's plea of guilty followed by a deferred sentence and dismissal, was an improper comment on the evidence by the trial court.

We review a jury instruction de novo, evaluating it in the context of the instructions as a whole. State v. Pirtle, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). Judges declare the law for the jury. State v. Boss, 167 Wn.2d 710, 720, 223 P.3d 506 (2009). The judge is prohibited from instructing a jury that matters of fact have been established as a matter of law. State v. Becker, 132 Wn.2d 54, 64, 935 P.2d 1321 (1997). "Any remark that has the potential effect of suggesting that the jury need not consider an element of an offense could qualify as judicial comment." State v. Levy, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006). A jury instruction is not a comment on the evidence if it is an accurate statement of the law and it is supported by sufficient evidence. State v. Stearns, 61 Wn. App. 224, 231, 810 P.2d 41 (1991).

> Our appellate courts have held that while the existence of a prior conviction is an essential element that must be proved to the jury beyond a reasonable doubt, the question of whether a prior conviction qualifies as a predicate offense for purposes of elevating a crime from a misdemeanor to a felony is a threshold question of law for the court to decide.

State v. Chambers, 157 Wn. App. 465, 477, 237 P.3d 352 (2010).

The court's instruction to the jury was both an accurate statement of the law as well as a threshold question that the court needed to decide. Despite Conaway's contention to the contrary, the definition of conviction includes a deferred sentence as a matter of law. The cases Conaway relies on are not persuasive. See Becker, 132 Wn.2d at 64 (the court erred by classifying the Youth Education Program (YEP) as a school in the jury instructions when whether YEP constituted a school was a contested issue of fact); State v. Painter, 27 Wn. App. 708, 714, 620 P.2d 1001 (1980) (the court misstated the law when it restricted the definition of great bodily harm, therefore, the "court clearly indicated to the jury that the evidence presented at trial was insufficient to

support the theory of self-defense"). Here, the court did not resolve a factual issue, or misstate the law. For these reasons, jury instruction 10 was not an improper judicial comment.

C. Jury Inquiry

Conaway argues finally that the trial court failed to make the law manifestly clear to the jury when responding to the jury inquiry.

During deliberations, the jury asked "When the jury makes a decision on Instruction 7, Element 4 (being yes or no), he was convicted of indecent exposure. Can the jury use this decision as circumstantial evidence?" The trial court instructed the jury to refer to jury instruction 11, the limiting instruction.[5] Conaway contends that the court erred when it did not answer "no," to the inquiry, despite telling the parties that the answer was no.

"Whether to give further instructions in response to a request from a deliberating jury is within the discretion of the trial court." State v. Becklin, 163 Wn.2d 519, 529, 182 P.3d 944 (2008). Conaway cannot demonstrate that the court abused its discretion. The court considered whether instructing the jury to refer to the instructions as a whole, to refer to instruction 11 specifically, or to include "no," in the response. Our Supreme Court has held that a trial court does not abuse its discretion by instructing the jury to refer to their instructions rather than providing a yes or no answer. State v. Ng, 110

---

[5] Instruction 11 states:
Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of a certified district court docket and may be considered by you only for the purpose of determining whether the defendant was previously convicted of indecent exposure. You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Wn.2d 32, 42, 750 P.2d 632 (1988).  The trial court did not abuse its discretion in its response to the jury inquiry.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Chun, J._         _Andrus, A.C.J._