IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81546-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CARMONA-CRUZ, AMOS, | ) | |
| DOB: 03/26/1975, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Amos Carmona-Cruz[1] appeals his conviction for felony driving while under the influence of alcohol. He contends the trial court erred by relying on a prior conviction for vehicular assault while under the influence of alcohol as a predicate offense because his plea to that charge was not voluntary. In the alternative, Carmona-Cruz argues the State could not prove a court "convicted" him of the prior vehicular assault under RCW 46.61.502(6)(b)(ii) without a valid judgment and sentence. We affirm his conviction but remand to the trial court to strike the Department of Corrections (DOC) supervision fees from the judgment and sentence.

---

[1] We note that the charging information and both parties' briefs on appeal hyphenate Carmona-Cruz's name. But below, defense counsel did not hyphenate his name and referred to the defendant in his briefing and in open court as "Mr. Carmona." We hyphenate Carmona-Cruz's name in the caption in accordance with RAP 3.4 and throughout the opinion to be consistent with the briefing. However, we recognize the inconsistency, and intend no disrespect.

FACTS

In 2012, Carmona-Cruz crashed his car while driving under the influence of alcohol, seriously injuring his passenger. The State charged him with one count of vehicular assault. Carmona-Cruz applied for a public defender. The Office of Public Defense (OPD) determined he was eligible for appointment of an attorney but found him financially able to pay part of the cost.

On September 3, 2013, Carmona-Cruz appeared for arraignment with an interpreter. He did not want to pay for a lawyer and told the public defender he wanted to represent himself. The public defender asked the court to continue the arraignment so Carmona-Cruz could "retain counsel or . . . reconsider his position with regard to [OPD]." The court told Carmona-Cruz:

> Since you don't have an attorney today, I'm more than willing to set the matter over for two weeks or one week to allow you time to hire an attorney of your own choice.
> If you find you cannot afford to hire an attorney of your own choice, you may choose to revisit the question of signing a promissory note or you can represent yourself, which I don't recommend, because you will be held to the same standards of an experienced licensed lawyer and held to abide by the same procedural court rules as your case is being handled.

The court then asked Carmona-Cruz, "How would you like to proceed today." He responded, "I don't want to get an attorney. I want to represent myself and I would like this to be over already."

A few minutes later, the court conducted a more thorough colloquy with Carmona-Cruz about self-representation to "make sure that you know what you're getting into when you choose to represent yourself." The court advised Carmona-Cruz, among other things, that "[t]his charge carries the possibility of

substantial jail time and substantial fines. This is a felony violation. So it's nothing to trifle with." The court again cautioned Carmona-Cruz that the prosecutor is "experienced" and "knowledgeable about the rules of procedure" and that Carmona-Cruz would be disadvantaged if he represents himself.

When Carmona-Cruz reiterated he could not pay for a lawyer, the court advised, "Well, if you have no money to pay for a lawyer, we'll pay for one, but I'm not going to review the decision of [OPD]." The trial judge also told Carmona-Cruz that he could "bring a motion if you want us to revisit [OPD's] determination that you have some limited means to help with some of the cost of your appointed counsel, but the right to have a lawyer appointed is not unlimited."

Carmona-Cruz confirmed that he wanted to represent himself, so the court accepted his waiver of counsel and arraigned him. Carmona-Cruz then tried to plead guilty to vehicular assault. But the trial court ordered him to come back to court only after he spoke with the prosecutor and reviewed the appropriate paperwork with an interpreter. Before adjourning, the court made clear that "the defendant's decision to represent himself does not mean that he cannot change his mind and ask for a lawyer to represent him" or pay for "some limited legal help" while representing himself. The prosecutor also gave Carmona-Cruz some discovery materials, portions of which the interpreter read to him.

Just after the arraignment, Carmona-Cruz and his interpreter met with the prosecuting attorney. The prosecutor gave Carmona-Cruz a written guilty plea form, which the interpreter read aloud, with the standard sentence range and the 10-year maximum penalty for vehicular assault. The prosecutor again told

Carmona-Cruz he "had a right to a lawyer," "[e]xplained to him [the] standard sentence range," and told him what the State's "recommendations would be" if he changed his plea to guilty. The prosecutor also told Carmona-Cruz that a vehicular assault conviction would be a "strike offense" and that if he changes his mind, "he could have a lawyer."

Six days later, Carmona-Cruz appeared in court with an interpreter to change his plea to guilty. The prosecutor told the trial court about his conversation with Carmona-Cruz after the arraignment hearing. The trial court asked Carmona-Cruz if the interpreter read him the entire plea form and he answered, "Yes." The trial court again asked Carmona-Cruz if he wanted to represent himself. Carmona-Cruz said he did. The court then conducted a colloquy, determined that Carmona-Cruz was making a knowing, voluntary, and intelligent decision to plead guilty, and accepted the plea.

Five years later on July 11, 2018, police arrested Carmona-Cruz for driving while under the influence of alcohol (DUI). A blood test showed Carmona-Cruz had .18 grams of alcohol per 100 milliliters of volume, more than twice the legal limit of .08 grams. Under RCW 46.61.502(6)(b)(ii), the 2013 vehicular assault conviction elevated the DUI from a gross misdemeanor to a class B felony offense.

After the State charged him with felony DUI, Carmona-Cruz moved to withdraw his 2013 guilty plea and vacate the judgment and sentence. The superior court denied the motion to withdraw his plea but concluded the 2013 judgment and sentence was invalid on its face because somebody crossed out

4

the language relating to Carmona-Cruz's right to appeal.[2]  The court ordered Carmona-Cruz to appear at a new hearing to "enter a new Judgment and Sentence, so as to cure the mistake at issue here and be advised of his rights to direct appeal and afford him the proper time to file a direct appeal."

On March 2, 2020, before the court issued a new judgment and sentence, the felony DUI went to bench trial based on stipulated documentary evidence. The evidence included copies of the 2013 information charging Carmona-Cruz with vehicular assault, affidavit of probable cause, statement of defendant on plea of guilty, and transcripts of the arraignment and plea hearings.

An attorney represented Carmona-Cruz at trial.  Carmona-Cruz conceded he was guilty of DUI but argued his guilty plea to vehicular assault was constitutionally invalid and the court could not use it as a predicate conviction to elevate the DUI charge to a felony.  Carmona-Cruz alleged that his request to proceed pro se was equivocal and his waiver of counsel was deficient because the court did not inform him of the maximum penalties for the charge.  He also argued that his guilty plea without a valid judgment and sentence could not support a finding that a court had convicted him of vehicular assault.

The trial court found Carmona-Cruz guilty of felony DUI under RCW 46.61.502(6)(b)(ii).  Carmona-Cruz appeals.

---

[2] That ruling is not at issue in this appeal.

ANALYSIS

Constitutional Validity of Guilty Plea to Predicate Offense

Carmona-Cruz argues that the trial court erred in admitting his conviction for vehicular assault as evidence of a predicate offense to felony DUI because his guilty plea was constitutionally invalid. He contends his request to proceed pro se in the vehicular assault proceedings was equivocal. He also claims he did not waive his right to counsel knowingly and intelligently because the court did not advise him of the maximum sentence for a vehicular assault conviction.[3]

The trial court determines whether a predicate conviction is constitutional as a threshold for admissibility. State v. Chambers, 157 Wn. App. 465, 477, 237 P.3d 352 (2010). A defendant may challenge the constitutionality of a predicate conviction, including the underlying plea. State v. Swindell, 93 Wn.2d 192, 196, 607 P.2d 852 (1980). If the defendant raises a colorable, fact-specific argument that a predicate conviction is unconstitutional, the State must prove its validity beyond a reasonable doubt. State v. Robinson, 8 Wn. App. 2d 629, 635, 439 P.3d 710 (2019); Swindell, 93 Wn.2d at 197. Whether or not a conviction amounts to a predicate offense is a question of law we review de novo. State v. Horton, 195 Wn. App. 202, 218, 380 P.3d 608 (2016); Chambers, 157 Wn. App. at 477.

---

[3] The State argues Carmona-Cruz's stipulation for a bench trial on agreed documentary evidence precludes him from raising these issues on appeal because he conceded that "there is sufficient evidence contained in the agreed documentary evidence to support a conviction for [felony DUI]." But the record shows Carmona-Cruz objected to the admissibility of his vehicular assault conviction before trial and the parties fully briefed the issue.

A. Equivocal Request To Proceed Pro Se

According to Carmona-Cruz, he "acquiesced to the court's suggestion" to proceed pro se "not because he wanted to represent himself but because he wanted to resolve the case quickly and because he misunderstood his entitlement to counsel even if he could not afford to pay for it." We disagree.

"Self-representation is a grave undertaking, one not to be encouraged. Its consequences, which often work to the defendant's detriment, must nevertheless be borne by the defendant." State v. DeWeese, 117 Wn.2d 369, 379, 816 P.2d 1 (1991). We presume a waiver of the right to counsel is invalid unless we can say it was unequivocal in the context of the record as a whole. In re Det. of Turay, 139 Wn.2d 379, 396, 986 P.2d 790 (1999).

We determine whether a request for self-representation is unequivocal case by case, considering the circumstances, the defendant, and the request, and recognizing that "[t]rial judges have far more experience considering requests to proceed pro se and are better equipped to balance the competing considerations." State v. Curry, 191 Wn.2d 475, 484-85, 423 P.3d 179 (2018). We also consider the timing and nature of the request, including "whether the request was made as an alternative to other, preferable options and whether the defendant's subsequent actions indicate the request was unequivocal." Curry, 191 Wn.2d at 489. When a defendant makes a clear and knowing request to proceed pro se, "such a request is not rendered equivocal by the fact that the defendant is motivated by something other than a singular desire to conduct his

or her own defense." State v. Modica, 136 Wn. App. 434, 442, 149 P.3d 446 (2006), aff'd, 164 Wn.2d 83, 186 P.3d 1062 (2008).

Carmona-Cruz advised the trial court that he wanted to represent himself several times. While he told the court he was not willing to sign a promissory note to pay for any legal fees and "just want[ed] this to be over," the trial court told him that self-representation was ill-advised and offered several alternatives, including continuing the hearing to investigate his finances, bringing a motion before the court to determine his ability to pay, or obtaining "some limited legal help." Still, Carmona-Cruz repeatedly expressed his desire to proceed pro se. The trial court did not err by determining that Carmona-Cruz unequivocally requested to represent himself.

B. Knowing and Intelligent Waiver of Right to Counsel

Due process requires the trial court accept a guilty plea only on a showing that the defendant understands the nature of the charge and is entering the plea intelligently and voluntarily. State v. A.N.J., 168 Wn.2d 91, 120, 225 P.3d 956 (2010). A defendant is entitled to the effective assistance of counsel in pleading guilty unless he makes a knowing, voluntary, and intelligent waiver of counsel. City of Tacoma v. Bishop, 82 Wn. App. 850, 855, 920 P.2d 214 (1996); see A.N.J., 168 Wn.2d at 119-20. In assessing whether a waiver of counsel is valid, we consider the information available to the defendant when he makes the waiver. See United States v. Hansen, 929 F.3d 1238, 1261-62 (10th Cir. 2019) (reiterating the requirement under Faretta v. California, 422 U.S. 806, 95 S. Ct.

8

2525, 45 L. Ed. 2d 562 (1975), that the record show a defendant understood the consequences of waiver when he elected to proceed without counsel).

To support a valid waiver of counsel, the record must show at minimum that the defendant understood the severity of the charges, the maximum possible penalties for the crime charged, and the existence of technical and procedural rules governing the presentation of a defense.  City of Bellevue v. Acrey, 103 Wn.2d 203, 211, 691 P.2d 957 (1984).  The burden of proof is on the defendant to show that a waiver of the right to counsel was not knowing and intelligent.  State v. Hahn, 106 Wn.2d 885, 901, 726 P.2d 25 (1986); State v. Howard, 1 Wn. App. 2d 420, 426, 405 P.3d 1039 (2017).

Carmona-Cruz first waived his right to counsel at arraignment.  At that hearing, the court informed Carmona-Cruz that the State charged him with a serious felony that carried "substantial jail time," "substantial fines," and potential immigration consequences.  The court also advised Carmona-Cruz that he had the right to counsel, that representing himself was "a very poor decision" because the court would hold him to the same standards as an experienced lawyer, and that "we expect that you'll be conversant with the rules of procedure."  But the court did not inform Carmona-Cruz of the maximum penalties he could face if convicted of vehicular assault.  As a result, the State concedes that Carmona-Cruz's wavier of counsel at arraignment was not valid.  We accept the State's concession.

But Carmona-Cruz waived his right to counsel again before pleading guilty to the vehicular assault charge.  In determining whether his subsequent waiver of

counsel was voluntary, we review the record as a whole. State v. James, 138 Wn. App. 628, 636, 158 P.3d 102 (2007). The record shows that immediately following the arraignment and the court's colloquy about self-representation, the State, Carmona-Cruz, and his interpreter met in person to discuss a plea agreement. Carmona-Cruz learned of the maximum penalty for a vehicular assault conviction at that meeting, as well as his standard sentencing range, the State's recommended sentence, and that a conviction would be a strike offense. The prosecuting attorney conveyed this information to Carmona-Cruz directly. Carmona-Cruz also told the court at the later hearing that he had fully reviewed the written plea form with his interpreter, which contained the same information. Considering the record as a whole, we conclude that Carmona-Cruz knowingly waived his right to counsel before pleading guilty to vehicular assault.

Even so, Carmona-Cruz contends the violation of his right to counsel at arraignment was structural error warranting reversal. We disagree.

Structural error is that which " 'affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself.' " In re Det. of Reyes, 184 Wn.2d 340, 345, 358 P.3d 394 (2015)[4] (quoting Arizona v. Fulminante, 499 U.S. 279, 310, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991)). An error is structural when it "necessarily renders a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." State v. Momah, 167 Wn.2d 140, 155-56, 217 P.3d 321 (2009).

---

[4] Alteration in original.

If we find structural error, we presume prejudice and remand for a new trial. See In re Pers. Restraint Petition of Orange, 152 Wn.2d 795, 814, 100 P.3d 291 (2004) (remedy for counsel's failure to raise violation of defendant's right to a public trial on appeal is remand for a new trial).[5]  When an error is not structural, we apply a harmless error analysis to determine whether reversal is appropriate. State v. Coristine, 177 Wn.2d 370, 380, 300 P.3d 400 (2013).  When the error involves a constitutional right, the State must show it was harmless beyond a reasonable doubt. Coristine, 177 Wn.2d at 380.  That is, the State must prove beyond a reasonable doubt that the violation did not prejudice the defendant. State v. Sherman, 59 Wn. App. 763, 768, 801 P.2d 274 (1990).

Not all error involving the right to counsel amounts to a complete denial of that right. See Satterwhite v. Texas, 486 U.S. 249, 257, 108 S. Ct. 1792, 100 L. Ed. 284 (1988) (ineffective assistance of counsel does not automatically require reversal).  But we generally consider the complete denial of counsel at a "critical stage" in the proceedings to be structural error. State v. Heddrick, 166 Wn.2d 898, 910, 215 P.3d 201 (2009).  A "critical stage" is one where "a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected." State v. Agtuca, 12 Wn. App. 402, 403-04, 529 P.2d 1159 (1974).  In determining whether a proceeding is a critical stage, we look at the substance of the hearing, not merely the type of

---

[5] We presume structural errors are prejudicial because it is often challenging to assess the effect of such far-reaching error on the outcome of the proceedings. State v. Wise, 176 Wn.2d 1, 17, 288 P.3d 1113 (2012) (citing United States v. Marcus, 560 U.S. 258, 263-65, 130 S. Ct. 2159, 176 L. Ed. 2d 1012 (2010)); see also People v. Bush, 213 Cal. Rptr. 3d 593, 608, 7 Cal. App. 5th 457 (2017) ("A structural error requires per se reversal because it cannot be fairly determined how a trial could have been resolved if the grave error had not occurred.").

hearing, to assess the possibility of prejudice to the defendant. In re Pers. Restraint of Sanchez, 197 Wn. App. 686, 703, 391 P.3d 517 (2017). Only where "the deprivation of the right to counsel affected—and contaminated—the entire criminal proceeding" do we forego a harmless error analysis in favor of per se reversal as structural error. Satterwhite, 486 U.S. at 257.

Sanchez provides guidance. In that case, the defendant appeared without an attorney at his arraignment for several crimes, including aggravated first degree murder. Sanchez, 197 Wn. App. at 690-91. The court advised Sanchez of his rights, entered a not guilty plea on his behalf, and gave him dates to return to court. Sanchez, 197 Wn. App. at 691. Sanchez later argued that the failure to provide counsel at his arraignment was a structural error requiring reversal. Sanchez, 197 Wn. App. at 697-98. Division Three of our court concluded that any infringement on Sanchez's right to counsel at arraignment did not amount to structural error because the arraignment hearing was not a critical stage. Sanchez, 197 Wn. App. at 702-03. It reasoned that Sanchez did not "lose important rights that might affect the outcome of his case" at the hearing. Sanchez, 197 Wn. App. at 702 (citing Heddrick, 166 Wn.2d at 910). Instead, the hearing involved merely " 'ascertaining the defendant's name, advising the defendant of certain rights including the right to counsel, and informing the defendant of the charges that have been filed.' " Sanchez, 197 Wn. App. at 702 (quoting State v. Frazier, 99 Wn.2d 180, 184, 661 P.2d 126 (1983)).

As in Sanchez, Carmona-Cruz's arraignment was not a critical stage in the proceedings. He neither gave up an opportunity nor took an irrevocable action

12

affecting the outcome of his case. At the arraignment, the court advised Carmona-Cruz of his rights, entered a plea of not guilty, and issued a new court date. While Carmona-Cruz executed an invalid waiver of counsel because the court did not advise him of the maximum penalties for a vehicular assault conviction, the court told him that his decision to represent himself was not an irrevocable action. And the violation did not contaminate the entire proceeding or render subsequent events fundamentally unfair. When Carmona-Cruz met with the prosecutor after his arraignment, he made no commitments and gave up no rights. At the meeting, Carmona-Cruz and his interpreter read the entire plea form, which fully informed him of the consequences of pleading guilty, including the maximum penalties. He then considered the decision for six days, and still chose to represent himself and plead guilty. At the plea hearing, he knowingly waived his right to counsel before giving up his trial rights and entering a plea of guilty to vehicular assault. The violation of Carmona-Cruz's right to counsel at arraignment was not structural error. And the record shows that the error was harmless beyond a reasonable doubt.

<u>Proof of Conviction</u>

In the alternative, Carmona-Cruz alleges that his guilty plea to vehicular assault without a valid judgment and sentence is not sufficient evidence that a court convicted him of the offense. He argues the term "convicted" in RCW 46.61.502(6)(b) requires evidence of both a guilty plea and a valid judgment and sentence. Carmona-Cruz is incorrect.

The meaning of a statute is a question of law we review de novo. State v. Mitchell, 169 Wn.2d 437, 442, 237 P.3d 282 (2010). When interpreting a statute, we first look to its plain language. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). If the plain language is unambiguous, we assume the legislature meant exactly what it said and apply the statute as written. State v. Keller, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001).

RCW 46.61.502(6)(b)(ii) elevates a misdemeanor DUI to a felony when the defendant has previously "been convicted of . . . [v]ehicular assault while under the influence of intoxicating liquor or any drug" under RCW 46.61.522(1)(b). When a statute raises the level of a crime from a misdemeanor to a felony based on the defendant's prior criminal conviction, the State must prove the prior conviction beyond a reasonable doubt as an element of the charged crime. State v. Roswell, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). This is because "[t]he prior conviction is not used to merely increase the sentence beyond the standard range but actually alters the crime that may be charged." Roswell, 165 Wn.2d at 192.

Title 46 RCW codifies RCW 46.61.502(6)(b). For purposes of Title 46 RCW, a "conviction" includes "a plea of guilty . . . , regardless of whether the imposition of sentence or sanctions are deferred or the penalty is suspended."[6] RCW 46.20.270(3); see also State v. Allen, 5 Wn. App. 2d 32, 35-38, 425 P.3d 529 (2018) (holding that under RCW 46.61.502(6)(b)(ii), "[a] charging document,

---

[6] Similarly, the Sentencing Reform Act of 1981, RCW 9.94A.030(9), defines "conviction" as "an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." See also State v. Cooper, 176 Wn.2d 678, 681, 294 P.3d 704 (2013).

guilty plea statement, and judgment of conviction can all elucidate the terms of a prior conviction"). Evidence of Carmona-Cruz's vehicular assault guilty plea was sufficient to support a finding that a court convicted him of the crime.

Supervision Fees

Carmona-Cruz argues he should not have to pay the discretionary DOC supervision fees in the "boilerplate language on the judgment and sentence" because the trial court determined he was indigent. The State responds that Carmona-Cruz did not object to the fees below and may not seek review on appeal.[7] We agree with Carmona-Cruz.

RCW 9.94A.703(2)(d) gives the sentencing court discretion to order the defendant to "[p]ay supervision fees as determined by [DOC]." Here, the trial court found Carmona-Cruz indigent and stated, "I am waiving all other non-mandatory fines[,] fees and assessments." The judgment and sentence reflects the court's order waiving all nonmandatory legal financial obligations (LFOs) and imposing only $500 for the mandatory victim assessment fee. The court also declared Carmona-Cruz indigent for appellate purposes.

Still, buried within the section ordering community custody, the judgment and sentence requires Carmona-Cruz to "pay supervision fees as determined by DOC." Because the record reflects the court's intent to waive all discretionary

_____

[7] While appellate courts normally decline to review issues raised for the first time on appeal, "RAP 2.5(a) grants appellate courts discretion to accept review of claimed errors not appealed as a matter of right." State v. Blazina, 182 Wn.2d 827, 834-35, 344 P.3d 680 (2015). We exercise our discretion to do so here.

LFOs, we remand for the trial court to strike the fee provision.[8]  See State v. Dillon, 12 Wn. App. 2d 133, 152-53, 456 P.3d 1199, review denied, 195 Wn.2d 1022, 464 P.3d 198 (2020).

We affirm Carmona-Cruz's conviction for felony DUI but remand to the trial court to strike the DOC supervision fees from the judgment and sentence.

Bowman, J.

WE CONCUR:

Andrus, A.C.J.

Appelwick, J.

---

[8] The State suggests that the trial court's oral ruling conflicts with its written judgment and sentence and in such situations, the written judgment prevails.  But here, the written judgment reflects a total LFO of $500—only the mandatory victim assessment fee.  This aligns with the court's oral ruling waiving all nonmandatory LFOs.