**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JUNE 30, 2022

_González, C.J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JUNE 30, 2022

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON, | NO. 99592-3 |
| Respondent, | |
| v. | EN BANC |
| JEFFREY DAVID CONAWAY, | |
| Petitioner, | Filed : June 30, 2022 |

STEPHENS, J.—In Jeffrey Conaway's prosecution for felony indecent exposure under RCW 9A.88.010(2)(c), the State entered evidence of a docket entry showing that Conaway previously pleaded guilty to misdemeanor indecent exposure, complied with the conditions of a deferred sentence and was allowed to change his plea to not guilty, and had his case dismissed. *See* RCW 3.66.067. The trial court determined that Conaway had "previously been convicted" of indecent exposure, making his current offense punishable as a felony. RCW 9A.88.010(2)(c). The Court of Appeals affirmed Conaway's conviction.

We granted review to decide whether the dismissal of a previous misdemeanor conviction following completion of a deferred sentence precludes consideration of that conviction under RCW 9A.88.010(2)(c). We agree with the lower courts that it does not. This court recently recognized that the definition of "conviction" in the Sentencing Reform Act (SRA) of 1981, ch. 9.94A RCW, encompasses a dismissed misdemeanor conviction. *State v. Haggard*, 195 Wn.2d 544, 551, 461 P.3d 1159 (2020). Consistent with *Haggard*, we hold that Conaway's prior guilty plea to indecent exposure was sufficient to establish that he was previously convicted of that crime for purposes of proving the element of a prior conviction under RCW 9A.88.010(2)(c).

FACTS AND PROCEDURAL HISTORY

In June 2016, Conaway exposed his penis to a 17 year old girl, C.M., at a garage sale. He was arrested the next day after C.M. identified him at a coffee shop. The State charged Conaway with felony indecent exposure under RCW 9A.88.010(2)(c), alleging, as an element of that crime, that Conaway had "previously been convicted" of indecent exposure. Clerk's Papers (CP) at 7. The State amended the charge to add a special allegation of sexual motivation.

To prove the prior conviction element for felony indecent exposure, the State entered into evidence a certified docket entry showing that Conaway pleaded guilty

2

to indecent exposure in 2007, and that he was subsequently allowed to withdraw his guilty plea and have his case dismissed. The State also elicited testimony from a witness as to Conaway's actions that formed the basis of his 2007 guilty plea to indecent exposure. The jury found Conaway guilty of felony indecent exposure with sexual motivation.

Conaway appealed and argued that the admission of testimony regarding his previous offense violated ER 404(b) because it constituted improper propensity evidence. Concluding the testimony was not admissible for any proper purpose under ER 404(b), the Court of Appeals agreed with Conaway and reversed his conviction and remanded for a new trial. *State v. Conaway*, No. 77107-8-I, slip op. at 4-5, 13 (Wash. Ct. App. Dec. 3, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/771078.PDF.

Following remand, the State charged Conaway with felony indecent exposure, but it dismissed the allegation of sexual motivation. At Conaway's retrial, the State again sought to prove that Conaway had been previously convicted of indecent exposure through the docket entry of Conaway's 2007 guilty plea. Specifically, the docket shows that the court entered a judgment on that charge, that Conaway received a deferred sentence, and that the court set a hearing to determine whether Conaway had complied with the various conditions imposed. At the hearing, the court found that Conaway complied with the conditions, allowed Conaway to change

*State v. Conaway*, No. 99592-3

his plea to not guilty, and dismissed the case. Other records related to the proceedings for Conaway's 2007 conviction for indecent exposure had apparently been destroyed.

Conaway moved to exclude the certified docket, arguing that it was insufficient to establish that he had a previous conviction for indecent exposure. The trial court disagreed and admitted the certified docket. It cited the SRA definition of "conviction" as controlling. The SRA defines "conviction" as "an adjudication of guilt pursuant to Title 10 or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9). Because Conaway pleaded guilty to indecent exposure in 2007, the trial court concluded as a matter of law that "under the plain definition of the term 'conviction' in RCW 9.94A.030(9), Mr. Conaway did have a conviction for indecent exposure previously." 2 Verbatim Report of Proceedings (June 18, 2019) at 62.

In addition to the certified docket, the State called Linda Bass, the court clerk who recorded the docket in Conaway's case, who testified to her understanding of a deferred sentence:

> A deferred sentence, a defendant pleads guilty. The sentencing of the charge is deferred for a period of time, depending on whether it's a misdemeanor, gross misdemeanor, 12 months, 24 months. And conditions are set. If all of the conditions are completed at the end of the deferral period, then the guilt—guilty plea is then changed to not guilty and the case is dismissed.

4

*Id*. at 475-76. Bass also testified that the certified docket entry showed that Conaway's plea was changed to not guilty and that his case was dismissed.

The jury instructions reflected the trial court's ruling that Conaway's guilty plea qualified as a prior conviction for RCW 9A.88.010(2)(c). The "to convict" instruction stated that the State must prove "[t]hat the defendant had been previously convicted of indecent exposure." CP at 108. The jury instructions further stated that "[a] '[c]onviction' includes a defendant's plea of guilty followed by a deferred sentence and dismissal." CP at 111. The jury found Conaway guilty of indecent exposure, and the court sentenced Conaway to a nine month term of confinement.

Conaway again appealed his conviction, arguing in part that the State failed to provide sufficient evidence of a predicate conviction for felony indecent exposure because his 2007 guilty plea to that crime resulted in a deferred sentence and dismissal. The Court of Appeals disagreed. *State v. Conaway*, No. 80214-3-I, slip op. at 2-3 (Wash. Ct. App. Mar. 1, 2021) (unpublished), http://www.courts.wa.gov/opinions/pdf/802143.pdf. Like the trial court, the Court of Appeals applied the SRA's definition of "conviction", and it relied on this court's decision in *Haggard*, 195 Wn.2d at 551, which held that an initial guilty plea qualifies as a "conviction" under the SRA's definition even when the successful completion of a deferred sentence later results in a change of plea and dismissal. *Conaway*, No. 80214-3-I, slip op. at 5. The court also rejected the notion that the

5

*State v. Conaway*, No. 99592-3

reasoning in *Haggard* was limited to the sentencing context, stating that "[w]hile *Haggard* concerned sentencing, the court still held that a deferred sentence and dismissal does not invalidate or erase the initial finding of guilt." *Id.*

Last, the Court of Appeals noted previous cases in which the SRA definition was used to establish a previous conviction as an element of a subsequent felony offense. *Id.* at 5-6 (citing *State v. LaPointe*, 1 Wn. App. 2d 261, 269, 404 P.3d 610 (2017); *State v. Benitez*, 175 Wn. App. 116, 123, 302 P.3d 877 (2013)). Because "Washington case law dictates that a deferred sentence is a conviction," the Court of Appeals concluded that the certified docket showing that Conaway pleaded guilty to indecent exposure provided sufficient evidence that he had previously been convicted of that crime even though his case was later dismissed. *Id.* at 4-5.

Conaway petitioned for review, which we granted. After granting review, we accepted amicus briefing from the Washington Association of Prosecuting Attorneys.[1]

## ANALYSIS

Conaway argues that the Court of Appeals erred in concluding that his guilty plea to indecent exposure was sufficient evidence of a predicate conviction for

---

[1] Before granting review, we also accepted a combined amici curiae memorandum from Washington Association of Criminal Defense Lawyers and Washington Defender Association in support of Conaway's petition for review.

*State v. Conaway*, No. 99592-3

felony indecent exposure. In addition, Conaway argues that the Court of Appeals applied the incorrect standard of review for his sufficiency of the evidence claim, thereby violating his right to due process. We disagree and hold that when Conaway pleaded guilty to indecent exposure, he was "convicted" for the purposes of proving a predicate conviction for felony indecent exposure under RCW 9A.88.010(2)(c).

I.      Standard of Review and Statutory Background of Indecent Exposure

RCW 9A.88.010 defines the crime of indecent exposure and further delineates the classification of punishment for committing that crime. Subsection (2)(a) provides that indecent exposure is generally punished as a misdemeanor. RCW 9A.88.010(2)(a). However, the statute increases the severity of punishment to a felony "if the person has previously been convicted under this section or of a sex offense as defined in RCW 9.94A.030." RCW 9A.88.010(2)(c). Because felony indecent exposure includes a prior conviction as an element of the crime, it is a recidivist offense. RCW 9.94A.030(41)(d).

Conaway argues that the docket showing that he pleaded guilty to indecent exposure but ultimately had his case dismissed was insufficient evidence to prove the element of a "prior conviction" under RCW 9A.88.010(2)(c). For a sufficiency of the evidence challenge, "we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *State v. Engel*, 166

7

Wn.2d 572, 576, 210 P.3d 1007 (2009).[2] If the docket showing Conaway's initial guilty plea qualifies as a predicate conviction under RCW 9A.88.010(2)(c), then there was sufficient evidence of that element of felony indecent exposure.

Conaway's sufficiency of the evidence challenge therefore turns on the meaning of the clause "previously been convicted" under RCW 9A.88.010(2)(c), which is a question of statutory interpretation that we review de novo. *Id.* In interpreting statutes, we seek to carry out the legislature's intent. *Haggard*, 195 Wn.2d at 547-48. The clearest indication of the legislature's intent is the plain meaning of the statutory language. *Id.* at 548. RCW 9A.88.010 does not specifically define when a person has previously been convicted, and "[a]n undefined term is

---

[2] We reject Conaway's argument that the Court of Appeals recited the wrong "substantial evidence" standard for sufficiency of the evidence, thereby violating his right to due process. His argument is premised on a misunderstanding of our decision in *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980) (plurality opinion). *Green* does not turn on the labels "sufficient" or "substantial" evidence, which are often used interchangeably. *See State v. Jeffries*, 105 Wn.2d 398, 407, 717 P.2d 722 (1986). Rather, in that case the court rejected a test that required merely "substantial evidence" supporting each element of a crime because that test conflicted with the United States Supreme Court's articulation of the sufficiency standard that takes into account the due process clause's requirement that elements of a crime be found *beyond a reasonable doubt*. *Green*, 94 Wn.2d at 221-22 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). The Court of Appeals in this case correctly applied the due process standard focusing on whether the elements of the crime could be found beyond a reasonable doubt. *Conaway*, No. 80214-3-I, slip op. at 3 ("To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." (quoting *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014))).

*State v. Conaway*, No. 99592-3

'given its plain and ordinary meaning unless a contrary legislative intent is indicated.'" *Id.* (quoting *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998)). We ascertain the plain meaning of the statute by looking to the statutory language, to related provisions, and to the entire statutory scheme. *Id.* If a statute is amenable to more than one reasonable interpretation, it is ambiguous and we can resort to other rules of statutory construction and legislative history. *Id.*

II.    A Dismissed Misdemeanor Conviction Counts as a Conviction

Conaway argues that he does not have a previous conviction for the purposes of RCW 9A.88.010(2)(c) because he withdrew his guilty plea and had his case dismissed after he complied with the terms of a deferred sentence. His argument requires examination of RCW 3.66.067, which is the statute governing dismissals of misdemeanor convictions. That statute begins by describing the court's authority to defer a sentence: "*After a conviction*, the court may impose sentence by suspending all or a portion of the defendant's sentence or by deferring the sentence of the defendant and may place the defendant on probation for a period of no longer than two years and prescribe the conditions thereof." RCW 3.66.067 (emphasis added). Whether a court dismisses the defendant's charges during the period of a deferred sentence is within the court's discretion, and a defendant must show good cause to have their case dismissed. *Id.* If a court dismisses the charges, the court can also

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

allow a defendant to "withdraw the plea of guilty and to enter a plea of not guilty."

*Id*.

While Conaway admits that he pleaded guilty to indecent exposure, he argues that defendants who plead guilty based on the understanding that they will receive a deferred sentence with the chance of an ultimate dismissal should not, in fairness, be "blindsided by the resurrection of the charge in a later prosecution." Suppl. Br. of Pet'r at 10. Conaway proposes that this suggests a "commonsense" interpretation of the term "previously been convicted" that would exclude dismissed misdemeanor convictions that result in withdrawal of an initial guilty plea. *Id*. at 10, 12, 19. We disagree.

As Conaway acknowledges, this court has recently rejected the idea that successful completion of a deferred sentence resulting in the dismissal of a misdemeanor conviction erases the fact of conviction. In *Haggard*, this court held that a dismissed misdemeanor conviction qualifies as conviction under the definition of "conviction" in the SRA, RCW 9.94A.030(9), for purposes of calculating a defendant's offender score. In that case, Haggard committed three class C felonies before pleading guilty to a misdemeanor charge. The trial court deferred his sentence and eventually dismissed the misdemeanor conviction. *Haggard*, 195 Wn.2d at 547. Haggard subsequently pleaded guilty to burglary and arson, and the trial court included the three prior felony convictions in his criminal history because

10

the dismissed misdemeanor conviction counted as a conviction and therefore interrupted the washout period that would have otherwise excluded those convictions. RCW 9.94A.525(2)(c). Similar to Conaway's argument in this case, Haggard's primary contention was that his misdemeanor conviction did not qualify as a "conviction" because it was dismissed and he was allowed to withdraw his guilty plea. *Haggard*, 195 Wn.2d at 550.

But this court disagreed. The court highlighted that a related argument was raised in *In re Personal Restraint of Carrier*, 173 Wn.2d 791, 272 P.3d 209 (2012), which held that pre-SRA felony convictions dismissed after a suspended or deferred sentence qualified as convictions under the SRA. *Haggard*, 195 Wn.2d at 551. In *Haggard*, the court focused on the SRA's expanded definition of "conviction", which encompassed the "'initial finding of guilt, not what occurs later.'" *Id.* at 552 (quoting *Carrier*, 173 Wn.2d at 802). Thus, *Haggard* emphasized that the felony dismissal statute at issue in *Carrier*, former RCW 9.95.240 (1957), "released a defendant from penalties associated with a conviction, but it did not erase the *fact* of the conviction itself." *Id*.

As Conaway points out, the court in *Haggard* also noted that unlike the felony dismissal statute at issue in *Carrier*, former RCW 9.95.240, the misdemeanor dismissal statute, RCW 3.66.067, "does not contain language allowing future prosecutions to use a previously dismissed conviction." *Haggard*, 195 Wn.2d at

11

552. Conaway argues that the misdemeanor dismissal statute's failure to explicitly state that a dismissed misdemeanor conviction can be used in a future prosecution shows that the legislature intended dismissed misdemeanor convictions to not be used in that manner. Conaway misapprehends *Haggard*'s point about the difference between these two statutes, and his argument is wrong for two reasons.

First, the felony dismissal statute's express allowance of considering dismissed felony convictions in future prosecutions limits the otherwise unqualified statement that a defendant is "released from all penalties and disabilities resulting from the offense or crime of which he or she has been convicted." RCW 9.95.240(1). The misdemeanor dismissal statute does not contain a similarly broad release of liability in RCW 3.66.067, which explains why that statute did not need additional language to specify which penalties or disabilities the defendant remains subject to after dismissal.

The misdemeanor vacation statute confirms this reading, stating "once the court vacates a record of conviction under this section, the person shall be released from all penalties and disabilities resulting from the offense." RCW 9.96.060(7)(a). That section clarifies that except in circumstances not relevant to this case, "nothing in this section affects or prevents the use of an offender's prior conviction in a later criminal prosecution." *Id*. In 2019, the statute was amended specifically to allow vacated convictions to qualify "as a prior conviction for the purpose of charging a

present recidivist offense as defined in RCW 9.94A.030 occurring on or after July 28, 2019." RCW 9.96.060(7)(c); LAWS OF 2019, ch. 331, § 4.[3] As in the felony dismissal statute, such qualifications are necessary in the misdemeanor vacation statute to avoid the misimpression of an otherwise unlimited release of liability. While Conaway's case is not controlled by the 2019 amendment, it would be a strange result if vacated misdemeanor convictions could be used in future prosecutions but dismissed misdemeanor convictions—with significantly fewer requirements than vacated convictions—could not similarly be used.

Second, the fact that the misdemeanor dismissal statute does not expressly state that a dismissed misdemeanor conviction can be used as an element in a subsequent prosecution was pointed out in *Haggard* merely to recognize that *Carrier*, which discussed only the *felony* dismissal statute, was not "wholly dispositive here." *Haggard*, 195 Wn.2d at 552. But the court concluded that *Carrier*'s holding was not limited to the felony dismissal statute: "We also relied on the expanded definition of the term 'conviction' to conclude that the SRA focuses on the initial finding of guilt, not what comes after." *Id.* Thus, the *Haggard* court

---

[3] The SRA was contemporaneously amended to reflect this change by stating that "when a defendant is charged with a recidivist offense, 'criminal history' includes a vacated prior conviction for the sole purpose of establishing that such vacated prior conviction constitutes an element of the present recidivist offense as provided in RCW 9.94A.640(4)(b) and 9.96.060(7)(c)." RCW 9.94A.030(11)(b); LAWS OF 2019, ch. 331, § 5. Again, felony indecent exposure under RCW 9A.88.010(2)(c) is included within the examples of definition of a recidivist offense under the SRA. RCW 9.94A.030(41)(d).

applied the SRA's definition of "conviction" to a dismissed misdemeanor conviction even though the misdemeanor dismissal statute did not contain language expressly permitting use of a dismissed conviction in a subsequent prosecution. *See id.* at 552-53. Because the SRA's definition includes a defendant's acceptance of guilt, RCW 9.94A.030(9), this court concluded that a dismissed misdemeanor conviction does not "invalidate or erase the initial finding of guilt for future sentencing purposes." *Haggard*, 195 Wn.2d at 553.

*Haggard*'s holding that a guilty plea to a misdemeanor offense qualifies as a conviction regardless of what occurs after that initial plea shows that Conaway has "previously been convicted" of indecent exposure under RCW 9A.88.010(2)(c) even though his misdemeanor conviction was later dismissed. Conaway attempts to distinguish *Haggard* because that case concerned criminal history, while the State here included Conaway's dismissed conviction as an element of the crime. Conaway would have this court limit *Haggard*'s use of the SRA definition of "conviction" to offender scores and criminal history, which the SRA explicitly governs. But neither the SRA's definition of "conviction" nor *Haggard*'s holding are so limited.

The definition of "conviction" in the SRA states that conviction is an "adjudication of guilt pursuant to *Title 10* or 13 RCW and includes a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." RCW 9.94A.030(9) (emphasis added). Title 10 governs criminal procedures for all adult crimes,

14

including Conaway's guilty plea. RCW 10.04.070 (stating that a "defendant may plead guilty to any offense charged"). The legislature's inclusion of that title within the SRA shows the legislature's intention to apply the SRA definition of "conviction" to adjudications of guilt, including guilty pleas, when it is relevant, not just to issues involving sentencing.

Moreover, *Haggard*'s reasoning stands for the general proposition that a guilty plea qualifies as a conviction regardless of what occurs after that initial finding of guilt. *Haggard* is consistent with previous cases interpreting the SRA's definition of "conviction" in the context of deferred sentences. *State v. Cooper*, 176 Wn.2d 678, 682, 294 P.3d 704 (2013) ("[T]he acceptance of a plea of guilty is an adjudication of guilt."). Conaway does not argue that we should overrule *Haggard*, and we find *Haggard*'s holding that a dismissed misdemeanor qualifies as a conviction under SRA's definition of "conviction" controlling.

III. Treating a Dismissed Misdemeanor Conviction as a Prior Conviction for Recidivist Statutes Is Consistent with How Those Statutes Punish Reoffenders More Harshly

*Haggard*'s interpretation of what qualifies as a previous conviction under the SRA is consistent with how this court has interpreted what qualifies as a predicate conviction under recidivist statutes related to RCW 9A.88.010. For example, in *State v. Schimmelpfennig*, 92 Wn.2d 95, 594 P.2d 442 (1979), this court considered

15

a similar challenge to the related crime of communication with a minor for immoral purposes under former RCW 9A.88.020.[4] That crime was enacted in the same section as "public indecency," which is now called "indecent exposure". LAWS OF 1975, 1st Ex. Sess., ch. 260, §§ 9A.88.010, .020. As originally enacted, indecent exposure was punished only as a misdemeanor, but communication with a minor for immoral purposes was a felony if a defendant had been "previously been convicted" of that crime. *Id.*

Schimmelpfennig argued that he was not previously convicted of communication with a minor for immoral purposes because he pleaded guilty, was granted probation, and was never sentenced for the misdemeanor conviction. *Schimmelpfennig*, 92 Wn.2d at 104. This court rejected that challenge, reasoning that "[a] plea of guilty to a criminal offense is a confession of guilt whose result is equivalent to conviction. The defendant pleading guilty acknowledges full responsibility for the legal consequences of his guilt." *Id.* (citation omitted). In addressing whether a period of probation with a suspended sentence disqualifies a guilty plea from counting as a predicate conviction, the court reasoned that similar to suspended or deferred sentences, probation offers an adequate opportunity for rehabilitation so a defendant will not reoffend. *Id.* at 105. Given that, the court

---

[4] In 1984, communication with a minor for immoral purposes was recodified at RCW 9.68A.090. LAWS OF 1984, ch. 262, §8.

16

*State v. Conaway*, No. 99592-3

concluded, "The statute contemplates that persons guilty of committing this crime more than once shall be punished as felons." *Id.*

Conaway attempts to distinguish *Schimmelpfennig* because the defendant in that case was granted probation but was not allowed to withdraw his guilty plea and have the charge dismissed. But *Schimmelpfennig* discussed a crime related to indecent exposure with identical statutory language, and it explicitly likened deferred sentences to the probation the defendant received. Properly read, *Schimmelpfennig* stands for the proposition that an initial guilty plea is a conviction even when a defendant is never sentenced for the crime because a deferred sentence provides an opportunity for rehabilitation. When someone like Conaway exhibits their failure to rehabilitate by committing a subsequent offense, the previous guilty plea counts as a previous conviction because the statute is written to punish recidivist offenders. The fact of the previous conviction remains, and this reflects the legislature's decision to punish a conviction for indecent exposure more harshly when a person continues to commit sex offenses. RCW 9A.04.020(1)(d) (One of the purposes of defining criminal offenses is "[t]o differentiate on reasonable grounds between serious and minor offenses, and to prescribe proportionate penalties for each."). This court has consistently noted that the "'state is justified in punishing a recidivist more severely than it punishes a first offender.'" *State v.*

17

*Moretti*, 193 Wn.2d 809, 826, 446 P.3d 609 (2019) (quoting *State v. Thorne*, 129 Wn.2d 736, 772, 921 P.2d 514 (1996)).

This point is reinforced by our decision in *State v. Braithwaite*, 92 Wn.2d 624, 630, 600 P.2d 1260 (1979), *overruled on other grounds by State v. Hennings*, 100 Wn.2d 379, 670 P.2d 256 (1983). In that case, this court considered whether a defendant's felony convictions that resulted in a suspended sentence could qualify as convictions for the purposes of the habitual criminal statute, which requires proof that a defendant "previously ha[s] been convicted" of certain specified types of crimes. RCW 9.92.090. The statutes governing a suspended sentence state that a court may suspend a sentence "'[w]henever any person shall be convicted of any crime'" and may terminate the suspended sentence such that "'defendant shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted.'" *Braithwaite*, 92 Wn.2d at 627 (quoting RCW 9.92.062, .066). The court related the release of liability after termination of a suspended sentence to the same language regarding dismissal in RCW 9.95.240. Taking these two statutes together, the court described why the initial guilty plea qualifies as a conviction:

> It will be seen that these statutes all speak in terms of actions to be taken *after conviction*, and where it is provided that an indictment or information may be dismissed, the effect of the conviction is preserved as to any subsequent prosecution for any other offense. When it is observed that the habitual criminal statute makes prior convictions the

18

> basis for the determination of this status, it is obvious that the legislature did not intend that a defendant who has escaped punishment for an offense of which he has been convicted should also escape the impact of that conviction when he is brought before the court upon a charge of being a habitual criminal.

*Id.* at 628.

The court then explicitly rejected the reasoning of two Court of Appeals cases that had held a defendant needed to receive both a conviction *and* a punishment to have a previous conviction be included in a habitual criminal statute. *Id*. at 629. Proof of punishment in addition to an adjudication of guilt was unnecessary to provide a defendant with the opportunity for rehabilitation: "A sufficient opportunity for reformation is provided . . . by a deferred or suspended sentence." *Id.* This reading is supported by the plain language of the suspension statutes:

> By the use of the words "previously convicted" rather than the words "previously convicted and punished," which it logically would have utilized had its intent been that which is advocated by the respondent, the legislature has made it clear that the factor which it considers important in habitual criminal proceedings is the previous establishment of guilt of other offenses, not the fact or extent of previous punishment.

*Id.* at 629-30. This court recognized that it is irrelevant whether a defendant complied with the terms of the suspended sentence and had their case dismissed under former RCW 9.95.240 because "[u]nder the statute such dismissal would not

have precluded consideration of the conviction in this subsequent habitual criminal proceeding." *Id.* at 630.

*Schimmelpfennig* and *Braithwaite* are consistent with *Haggard* and provide further support for the conclusion that Conaway's 2007 guilty plea constituted a prior conviction under RCW 9.88.010(2)(c) because that statute was intended to punish defendants more severely if they later reoffend—regardless of the sentence they previously received.

IV.    Related Statutory Definitions of "Conviction" Confirm That a Dismissed Misdemeanor Conviction Is a Qualifying Prior Conviction for Recidivist Statutes

Conaway urges us to narrow our understanding of "prior conviction" under RCW 9A.88.010(2)(c), pointing to other statutory sections in which a specific definition of "conviction" was provided that include deferred sentences as qualifying prior convictions. He argues that this shows the legislature knows how to state its intent to count dismissed misdemeanors as convictions for a subsequent offense. But the examples he provides are readily distinguishable and are consistent with the SRA definition of "conviction" we apply in this case.

For example, Conaway cites to the statute criminalizing unlawful possession of a firearm, which requires the State to show the defendant has "previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any

20

serious offense as defined in this chapter." RCW 9.41.040(1)(a). While this statute is not a recidivist statute because it does not provide for a harsher punishment based on a defendant's prior convictions, it does define what qualifies as a "conviction." It states that a conviction occurs when "a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including, but not limited to, sentencing or disposition, post-trial or post-fact-finding motions, and appeals. Conviction includes a dismissal entered after a period of probation, suspension, or deferral of sentence." RCW 9.41.040(3). However, the next subsection expressly exempts certain convictions from that definition where a defendant "received a dismissal of the charge under RCW 9.95.240." RCW 9.41.040(4)(a). Without this qualification, the language of the statute mirrors this court's interpretation of the SRA's definition of "conviction." In other words, rather than showing that the legislature states when a deferred sentence resulting in a dismissal qualifies as a conviction, the exemption in RCW 9.41.040(4)(a) actually demonstrates that the legislature adds language to show when it means to depart from the definition of "conviction" in the SRA.

Moreover, as the State points out, a majority of recidivist statutes in Title 9A RCW—those increasing the severity of the penalty for repeat offenders—do not explicitly define what qualifies as a prior conviction. *See, e.g.*, RCW 9A.52.100(3) (vehicle prowling); RCW 9A.36.041(3)(a), (b) (fourth degree assault); RCW

21

9A.86.010 (disclosing intimate images); RCW 9A.48.105(1)(b) (criminal street gang tagging and graffiti); 9A.50.030(1) (interference with a health care facility); 9A.76.130(3)(a), (b) (escape in the third degree); RCW 9.68A.090(2) (communicating with a minor for immoral purposes). And the statutes that do provide a definition are consistent with the SRA definition by focusing on the initial guilty plea.

For example, RCW 9A.46.100 is one of the rare places in which a definition of "conviction" is provided for various harassment offenses that include a recidivist provision if a person has "previously been convicted" of a harassment related offense. *See* RCW 9A.46.020(2)(b)(i) (harassment), .110(5)(b)(i)-(iii) (stalking); RCW 9.61.230(2)(a) (telephone harassment), .260(3)(a) (cyberstalking). That statute defines a "conviction" as including "a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing, posttrial motions, and appeals." RCW 9A.46.100. Because RCW 9A.46.100's definition of "conviction" is consistent with the SRA definition that includes dismissed convictions, we do not interpret that section as an indication that the legislature meant something different for statutes, such as RCW 9A.88.010, that do not provide a definition.

Conaway provides no basis to depart from this court's interpretation of the SRA's definition of "conviction" in *Haggard* and provides no persuasive alternative

22

definition of "conviction" that excludes dismissed misdemeanor convictions for recidivist statutes. Instead, other definitions of "conviction" again confirm that the element of a prior conviction in recidivist statutes focuses on the defendant's acceptance of guilt and failure to rehabilitate. Consistent with prior precedent and the statutory scheme, we hold that when Conaway pleaded guilty to indecent exposure, he was "convicted" for the purposes of proving a predicate conviction for felony indecent exposure, RCW 9A.88.010(2)(c). Therefore, the State presented sufficient evidence of all of the elements of the crime of felony indecent exposure beyond a reasonable doubt.

CONCLUSION

The Court of Appeals correctly held that Conaway's 2007 guilty plea to indecent exposure resulted in a "conviction" within the meaning of the SRA. Consistent with our decision in *Haggard* and related cases, that guilty plea sufficiently established a prior conviction even though Conaway had his case dismissed. The purpose of recidivist statutes, such as RCW 9A.88.010(2)(c), is to elevate the seriousness of the penalty for those who commit repeated offenses. Nothing in the text or history of related statutes suggests a defendant's prior conviction must be erased when later offenses confirm a defendant has not been rehabilitated. We affirm Conaway's conviction for felony indecent exposure under RCW 9A.88.010(2)(c).

*State v. Conaway*, No. 99592-3

Stephens, J.

WE CONCUR:

González, C.J.

Johnson, J.

Madsen, J.

Owens, J.

24

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

No. 99592-3

WHITENER, J. (dissenting)—In 2007, Jeffrey Conaway was charged with misdemeanor indecent exposure under RCW 9A.88.010 (indecent exposure statute). Clerk's Papers (CP) at 83. He pleaded guilty in exchange for a deferred sentence, fulfilled the conditions of his probationary period under that deferred sentence, was permitted to withdraw his guilty plea and enter a plea of not guilty, and his case was dismissed. Ex. 1, at 1, 3; CP at 83, 86; 2 Verbatim Report of Proceedings (June 18, 2019) (VRP) at 474, 477. Nine years later, Mr. Conaway was again charged with indecent exposure for exposing his penis to a minor at a garage sale. 2 VRP at 363-78. The State elevated his charge to a class C felony under subsection (2)(c) of the indecent exposure statute premised on the argument that Mr. Conaway had "previously been convicted" of indecent exposure when he entered his provisional guilty plea in the dismissed case from 2007. Ex. 1, at 3. Although most records of Mr. Conaway's 2007 case had been destroyed, the State presented the court clerk testimony and a certified court docket from that case, which documented the entry of a signed plea of guilt statement, as proof of the predicate prior conviction element of felony indecent exposure. *Id.*

1

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

The Court of Appeals affirmed the conviction, reasoning that Mr. Conaway's original guilty plea qualified as a prior conviction because the Sentencing Reform Act of 1981 (SRA), RCW 9.94A.030(9), defines "conviction" as including "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." *State v. Conaway*, No. 80214-3-I, slip. op. at 2-3 (Wash. Ct. App. Mar. 1, 2021) (unpublished), http://www.courts.wa.gov/opinions/pdf/802143.pdf.

The crux of Mr. Conaway's petition before this court is whether it is proper to rely on the SRA definition of "conviction" when determining whether a dismissed misdemeanor qualifies as a predicate conviction in a subsequent prosecution. Without legislative direction, it is improper for this court to apply the highly technical meaning we have ascribed to "conviction" for SRA-specific purposes in other nonsentencing contexts—especially when it renders meaningless a different law, the misdemeanor dismissal statute. The court is constrained, instead, to apply the common law meaning of the term "conviction," which does not encompass Mr. Conaway's provisional guilty plea in his deferred sentence. Accordingly, the certified court docket showing a provisional plea of guilt was insufficient to prove Mr. Conaway had "previously been convicted" for the purposes of his subsequent prosecution for felony indecent exposure.

I would reverse the Court of Appeals and vacate Mr. Conaway's conviction.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

ANALYSIS

I.    This court should adopt the common law meaning of the term "conviction," which does not encompass provisional guilty pleas in a deferred sentence

A. The definition of "conviction" from the SRA is inappropriate in nonsentencing cases unless there is a statutory provision providing otherwise

It is well established in our jurisprudence that a guilty plea in a deferred sentence is a conviction for sentencing purposes. RCW 9.94A.030(9); *see State v. Haggard*, 195 Wn.2d 544, 553, 461 P.3d 1159 (2020); *State v. Cooper*, 176 Wn.2d 678, 684-85, 294 P.3d 704 (2013); *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 801-02, 272 P.3d 209 (2012); *State v. Whitaker*, 112 Wn.2d 341, 346, 771 P.2d 332 (1989). The majority has deemed this dispositive of the petition before us. Majority at 2. I would be inclined to agree but for one patent distinction: Mr. Conaway's appeal is not a sentencing case.

In this appeal, we are asked to determine whether Mr. Conaway was convicted of misdemeanor indecent exposure the moment he entered into an agreement with the State, signed a plea of guilt statement in exchange for a deferred sentence, and had the agreement subsequently sanctioned by the court. The terms of the agreement allowed Mr. Conaway, after fully complying with the probationary terms of the agreement, to withdraw the plea of guilt and enter a plea of not guilty, and to have his case dismissed. This requires us to examine the meaning of the phrase

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

"previously been convicted" as an element of felony indecent exposure, which is a question of statutory interpretation we review de novo. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). Under the constraints of judicial review, we must adopt an interpretation of "previously been convicted" that gives effect to the intent of the legislature. *Haggard*, 195 Wn.2d at 547-48.

I agree with the majority that a key purpose of the indecent exposure statute is to subject repeat offenders to harsher punishments. Majority at 17. However, we cannot adopt a meaning that carries out the legislative purpose of one statute to the detriment of another, in this case, the misdemeanor dismissal statute. *State v. Roggenkamp*, 153 Wn.2d 614, 624, 106 P.3d 196 (2005) (court must avoid interpretations that render language superfluous or meaningless); *King County Fire Prot. Dist. No. 16 v. Hous. Auth.*, 123 Wn.2d 819, 826-27, 872 P.2d 516 (1994) (court should adopt interpretation that "maintains the integrity" of different statutes involved). Instead, we must avoid interpretations that would result in absurd consequences or render other statutes meaningless. *Roggenkamp*, 153 Wn.2d at 624; *King County Fire Prot. Dist. No. 16*, 123 Wn.2d at 826-27. For these reasons, and as discussed further below, our resolution of this case cannot rely on adopting an SRA definition simply because it is convenient and analogous, especially where that definition in a nonsentencing context renders hollow the promised benefit of "dismissal" in the misdemeanor dismissal statute.

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

The SRA is a collection of criminal sentencing statutes created to assist sentencing courts in fashioning just and proportionate punishments. RCW 9.94A.010, .030. Specific definitions, such as "conviction," were crafted broadly to further the SRA's exclusively punitive aim of determining appropriate punishment based on a criminal defendant's criminal history, including any and all pleas or other adjudications of guilt. RCW 9.94A.030(9). In no uncertain terms, the legislature provided that "the definitions in this section apply throughout this chapter," that is, for felony sentencing purposes and felony sentencing purposes alone. RCW 9.94A.030; *Haggard*, 195 Wn.2d at 553 ("The SRA is a technical statute, with specific definitions for the terms it uses."); *see State v. Deskins*, 180 Wn.2d 68, 77-78, 322 P.3d 780 (2014) (emphasizing courts' discretion in misdemeanor sentencing whereas discretion in felony sentencing has been severely restricted by SRA). The majority cites no authority that justifies importing a sentencing definition into a nonsentencing statute because none exists. The SRA definitions, RCW 9.94A.030, are unambiguous, and we cannot under fundamental rules of statutory interpretation add or imply a provision that would make these definitions widely applicable outside their intended range. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003) ("We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language."); *see State v. Watson*, 146 Wn.2d 947, 955, 51 P.3d 66 (2002) ("We will not add to or subtract from the clear language of a

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

statute even if we believe the Legislature intended something else but did not

adequately express it unless the addition or subtraction of language is imperatively

required to make the statute rational." (footnote omitted)).

> [T]he legislature may designate the entry of a plea of guilty to be
> regarded by the court as a conviction in event of later criminal
> prosecutions without necessarily making the plea to be a conviction for
> all purposes. The legislature can make of such plea what it will for
> particular purposes in particular circumstances without being held to
> have changed the legal effect of such plea for all purposes.

*Tembruell v. City of Seattle*, 64 Wn.2d 503, 508-09, 392 P.2d 453 (1964). As

discussed further in Section I.B, *infra*, had the legislature intended provisional guilty

pleas in deferred sentences to count as "convictions" for the purposes of proving a

predicate conviction, it would have said so either in the deferred sentencing statute

or the indecent exposure statute. *Id.*; *see Delgado*, 148 Wn.2d at 727; *Watson*, 146

Wn.2d at 955; *see also Roggenkamp*, 153 Wn.2d at 632 (courts should accept "the

legislature means precisely what it says"); *State v. Costich*, 152 Wn.2d 463, 470, 98

P.3d 795 (2004) ("we presume the legislature says what it means and means what it

says").

The majority improperly expands the holdings of several sentencing and

predicate conviction cases beyond their proper scope to support its position that the

SRA definition of "conviction" applies. Those cases are *Haggard*, 195 Wn.2d at

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

553, *Cooper*, 176 Wn.2d at 684-85,[1] *Pers. Restraint of Carrier*, 173 Wn.2d at 801-02, *State v. Braithwaite*, 92 Wn.2d 624, 630, 600 P.2d 1260 (1979), *overruled on other grounds by State v. Hennings*, 100 Wn.2d 379, 670 P.2d 256 (1983), and *State v. Schimmelpfennig*, 92 Wn.2d 95, 104-05, 594 P.2d 442 (1979). Each is distinguishable.

In *Haggard*, this court held that a dismissed misdemeanor conviction was a prior conviction that interrupted "the washout period" for the defendant's prior class C felonies. 195 Wn.2d at 547, 553. Consequently, the defendant's criminal history properly included those prior felony convictions, resulting in a higher offender score and, thus, a more severe sentence. *Id.* at 548-49, 562. In *Cooper*, this court held that a defendant's deferred sentences in a Texas court counted as convictions "for the purpose of calculating his offender score" in Washington. 176 Wn.2d at 685. *Haggard* and *Cooper* are the sole cases that examined the text of the deferred sentencing statute. However, each opinion analyzed the meaning of a prior conviction for the express purposes of sentencing under the SRA. I take no issue with the conclusion that a guilty plea in a deferred sentence (regardless of subsequent

---

[1] The court in *Cooper* asserted that the acceptance of a guilty plea in a deferred sentence is a conviction. 176 Wn.2d at 681. The sole question before the court, however, was whether a deferred sentence under Texas law qualified as a "conviction" for sentencing purposes under Washington law. *Id.* at 679-80. To the extent *Cooper* could be interpreted as broadly establishing that a deferred sentence is a conviction for all purposes, I consider that portion of the opinion to have exceeded the scope of the controversy at issue and, therefore, unnecessary and nonbinding dicta. *In re Estate of Levas*, 33 Wn.2d 530, 534-35, 206 P.2d 482 (1949) (decision is nonbinding dicta where determination of issue is "neither necessary nor proper" to resolve case at hand).

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

proceedings) qualifies as a conviction for *sentencing purposes*; the law is clear on that point. RCW 9.94A.030(9). However, the case before us concerns predicate convictions as criminal elements. *Haggard* and *Cooper* are not dispositive.

In *Personal Restraint of Carrier*, this court held that a felony dismissed pursuant to a former version of RCW 9.95.240 could be used as an element of a crime in a subsequent prosecution because that statute contained an express exception providing that the dismissed conviction could still be used in a later criminal prosecution. 173 Wn.2d at 815. *Braithwaite* established that a felony conviction followed by a suspended sentence under RCW 9.92.060 was a predicate conviction under the habitual criminal statute, RCW 9.92.090. *Braithwaite*, 92 Wn.2d at 629-330. Key to the court's reasoning was the fact that the phrase "previously convicted" in the habitual criminal statute did not require both a conviction and an imposition of punishment. *Id*. Neither *Personal Restraint of Carrier* nor *Braithwaite* dealt with misdemeanor cases dismissed after completion of a deferred sentence. *Personal Restraint of Carrier*, specifically, involved a former version of the felony dismissal statute, which expressly permitted using a dismissed felony as a predicate conviction in a subsequent prosecution.[2] These cases hold little instructive or persuasive value.

---

[2] It is important to note that the SRA abolished deferred sentences for defendants charged with felony offenses. RCW 9.94A.575. Judges retain discretion to defer sentences only in misdemeanor cases under RCW 3.66.067.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

In *Schimmelpfennig*, this court held that a guilty plea to solicitation of a minor for immoral purposes followed by a term of probation was a predicate conviction under the indecent exposure statute. 92 Wn.2d at 104-05. From the limited information in this opinion, it does not appear that the defendant had been granted a deferred sentence under RCW 3.66.067, that his guilty plea was ever changed, or that his case was dismissed. Instead, it appears the defendant pleaded guilty, was convicted, and then was sentenced to a period of probation instead of confinement. *Id*. at 104. The court's reasoning relied on its determination that a period of probation offered the same opportunity for reform as a suspended sentence or period of incarceration. *Id*. at 105. This case is distinguishable as it did not concern a deferred sentence with the opportunity for dismissal upon successful compliance and thus does not determine the issue before us. *See In re Estate of Levas*, 33 Wn.2d 530, 534-35, 206 P.2d 482 (1949) (dictum is nonbinding).

Because none of the cases the majority relies on for support actually address deferred sentencing, it is evident that precedent does not require us to apply the SRA definition of "conviction" in Mr. Conaway's case.

        B. Precedent dictates that a guilty plea alone is not a conviction unless there is an express statutory provision so providing

Precedent cautions us against construing the meaning of "conviction" in a given statute to include guilty pleas without an explicit statutory provision to the

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

contrary. *See Matsen v. Kaiser*, 74 Wn.2d 231, 235-37, 443 P.2d 843 (1968); *Woods v. Rhay*, 68 Wn.2d 601, 605, 414 P.2d 601 (1966); *Tembruell*, 64 Wn.2d at 510. Instead, when a statute, like the indecent exposure statute, "fails to define a term there is a presumption the legislature intended the term to mean what it meant at common law." *In re Marriage of Gimlett*, 95 Wn.2d 699, 701, 629 P.2d 450 (1981). As discussed below, the common law meaning of "conviction" does not include provisional guilty pleas unless so provided by statute.

In *Tembruell*, this court held that a dismissed felony conviction (following a suspended and deferred sentence) was not a prior conviction that would justify ceasing payments under the police pension statute, "even though this sequence of events might be . . . a prior conviction in a later criminal action." 64 Wn.2d at 510. This court explained that

> [t]he entry of a plea of guilty is a formal admission that the defendant committed the acts or allowed the omission charged and that the acts or omissions described constitute a crime. But the entry of a plea of guilty, standing alone, *unless specially made so by statute* does not constitute a conviction. In many situations . . . a plea of guilty may be withdrawn, or vacated, or set aside before judgment, in which case it could not be said to be a conviction.
>
> The plea of guilty does not mature, then, into a conviction until there has been an adjudication of guilt by the court in a juridical sense, that is, until a court of competent jurisdiction has formally pronounced the accused to be guilty, and the judgment does not become final, *i.e.*, a final determination of the rights of the parties in the action, until sentence has been passed in and as part of the judgment.

10

State v. Conaway, No. 99592-3
Whitener, J., dissenting

> *The imposition of sentence in the judgment of guilty is the ultimate ingredient, imparting finality to the judgment so as to make the judgment and sentence appealable.*

*Id.* (second emphasis added).[3]

A few years later in *Matsen*, this court held that a guilty plea followed by a deferred sentence and dismissal was not a conviction for the purpose of disqualifying the defendant from holding public office. 74 Wn.2d at 235-37. This court explained that "a finding of guilt in an order deferring imposition of sentence and granting probation is not the legal equivalent of a judgment and sentence, except where, *by statute*, a plea or verdict of guilty shall be deemed a conviction."[4] *Id.* at 235 (emphasis added). This court has also held that "[t]he order deferring sentence and granting probation, under our procedures, is not a final judgment from which an appeal lies." *State v. Shannon*, 60 Wn.2d 883, 888, 376 P.2d 646 (1962), *overruled in part on other grounds by Mempa v. Rhay*, 68 Wn.2d 882, 888-89, 416 P.2d 104 (1966), *rev'd by* 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336 (1967); *accord Woods*,

---

[3] I note that the court in *Whitaker*, 112 Wn.2d at 346, held that the defendant's deferred sentence in a negligent homicide case "is a 'sentence' for purposes of determining a minimum term under the SRA." This holding affected the now-defunct felony deferred sentencing scheme, which was abolished by the SRA, and established that pre-SRA felony deferred sentences would count as prior sentences for the purpose of determining proportionate punishment under the SRA. *Id.* at 344-46 (noting defendant "was never 'sentenced'" under deferred sentence until probation revocation hearing). It has no bearing on the misdemeanor deferred sentencing scheme before us.

[4] Unlike Mr. Conaway's case, the order dismissing the case specified that the defendant was relieved of all penalties and disabilities resulting from the filing of the charge. *Matsen*, 74 Wn.2d at 234, 236.

11

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

68 Wn.2d at 605 (guilty plea has "the same effect in law as a verdict of guilty" unless it is withdrawn before sentencing).

We presume both that the legislature was aware of these decisions when it enacted the indecent exposure statute in 1975 and that it did not draft the law in conflict with binding precedent. LAWS OF 1975, 1st Ex. Sess., ch. 260, § 9A.88.010 (defining crime of "public indecency"); *Gimlett*, 95 Wn.2d at 702. The legislature has amended the indecent exposure statute four times since its enactment but has never added language to specify that a guilty plea qualifies as a prior conviction. RCW 9A.88.010(2)(b) (adding gross misdemeanor classification for indecent exposure to person under 14 years of age); former RCW 9A.88.010(1), (2) (2001) (adding feminine gender pronouns, excluding breastfeeding from definition of indecent exposure); former RCW 9A.88.010(2) (1990) (adding elevation to class C felony "if such person has previously been convicted under this subsection"); former RCW 9A.88.010 (1987) (changing title of crime from "public indecency" to "indecent exposure").

In line with *Matsen*, *Woods*, and *Tembruell*, the legislature has included provisions in other statutes to expressly declare when guilty pleas should be counted as convictions. Recently, and perhaps most tellingly, the legislature amended the misdemeanor vacation statute, RCW 9.96.060, to provide that any conviction vacated after July 28, 2019 "qualifies as a prior conviction for the purpose of

12

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

charging a present recidivist offense." LAWS OF 2019, Reg. Sess., ch. 331, § 4. A section of the harassment statute—which falls within the same statutory scheme as the indecent exposure statute—provides, "As used in RCW 9.61.230, 9.61.260, 9A.46.020, or 9A.46.110, a person has been 'convicted' at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing, posttrial motions, and appeals." RCW 9A.46.100. The theft of livestock statute defines "convicted" to include "a plea of guilty . . . regardless of whether the imposition of the sentence is deferred or any part of the penalty is suspended." RCW 9A.56.085(2); *accord* RCW 10.99.080(4) (domestic violence penalty statute); RCW 43.101.010(4) (definitions for chapter on Criminal Justice Training Commission).

The legislature's amendments to the unlawful firearm possession statute are particularly instructive. As originally enacted in 1935, the unlawful firearm possession statute provided, "No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control." LAWS OF 1935, Reg. Sess., ch. 172, § 4. The law did not define the meaning of "convicted." In 1983—after *Matsen*, *Woods*, and *Tembruell*—the legislature amended the text to specify that a conviction for the purposes of the unlawful firearm statute occurs upon the acceptance of a guilty plea or filing of a guilty verdict regardless of future proceedings. LAWS OF 1983, Reg. Sess., ch. 232,

13

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

§ 2; RCW 9.41.040(3) ("a person has been 'convicted' . . . at such time as a plea of guilty has been accepted or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings"). Because the legislature did not add a parallel provision in the indecent exposure statute, we take that as proof of different legislative intent. *Haggard*, 195 Wn.2d at 555; *State v. Conover*, 183 Wn.2d 706, 713, 355 P.3d 1093 (2015) ("the legislature's choice of different language indicates a different legislative intent"). Given this court's holdings in *Matsen*, *Woods*, and *Tembruell*, it is evident that the common law meaning of the term "conviction" does not include a guilty plea on its own—there must be an additional element, such as a final judgment and sentence or a statutory mandate, which renders such a plea a "conviction" for nonsentencing purposes.

II.     The majority's interpretation renders the misdemeanor dismissal statute meaningless

The purpose of the misdemeanor dismissal statute is to offer "deserving" defendants an alternative to incarceration. On a national level, deferred sentencing is understood as a sentencing alternative that presents eligible defendants with a "less adversarial means of resolving . . . [a] prosecution" and a chance to avoid burdensome collateral consequences. MARGARET COLGATE LOVE, COLLATERAL CONSEQUENCES RES. CTR., THE MANY ROADS FROM REENTRY TO REINTEGRATION: A NATIONAL SURVEY OF LAWS RESTORING RIGHTS AND OPPORTUNITIES AFTER

14

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

ARREST OR CONVICTION 76 (Mar. 2022); *see, e.g.*, Margaret Colgate Love,

*Alternatives to Conviction: Deferred Adjudication as a Way of Avoiding Collateral*

*Consequences*, 22 FED. SENT'G REP. 6 (2009). This same understanding is reflected

in the proposed final draft of the revised Model Penal Code (MPC), "Deferred

Adjudication"[5] section, which provides:

> deferred adjudication refers to any practice that conditionally disposes of a criminal case prior to the entry of a judgment of conviction. . . . The purposes of deferred adjudication are to facilitate offenders' rehabilitation and reintegration into the law-abiding community and restore victims and communities affected by crime. Deferred adjudication should be offered to hold the individual accountable for criminal conduct through a formal court process, but justice and public safety do not require that the individual be subjected to the stigma and collateral consequences associated with a formal conviction.

MPC § 6.02B(1)-(2), at 55-56 (AM. LAW INST., Proposed Final Draft 2017).[6] The

MPC marks a clear intent that a successful deferred disposition should not trigger

collateral consequences and that defendants who satisfy all required terms should

have "the legal and social position of someone who has never been charged with a

crime." *Id*. cmt. at 59.

---

[5] "[Deferred adjudication] practices go by many names ('pretrial diversion,' 'deferred entry of judgment,' 'deferred sentencing,' 'probation before judgment,' etc.) . . . . Some practices referred to as 'deferred adjudication' involve the entry of a guilty plea that is later expunged upon completion of conditions by the convicted person." MPC § 6.02B cmt. at 57.

[6] This draft was approved by the American Law Institute in 2017. Press Release, Am. Law Inst., Model Penal Code: Sentencing Approved (May 24, 2017), https://www.ali.org/news/articles/model-penal-code-sentencing-approved/. A new edition of the MPC incorporating these and other changes is expected to be published in 2022.

15

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

The dissent in *Haggard* examined the differences between dismissal under the misdemeanor dismissal statute and vacation under RCW 9.96.060 (misdemeanor vacation statute). 195 Wn.2d at 564-66 (Gordon McCloud, J., dissenting). The dissent emphasized that deferred sentencing under the misdemeanor dismissal statute is a mechanism to grant "only a small subset of 'deserving' misdemeanants" the opportunity to avoid sentencing and have their cases dismissed. *Id*. at 564; *see Shannon*, 60 Wn.2d at 888. In contrast, the misdemeanor vacation statute is available to any misdemeanant, with a few exceptions,[7] who (i) was convicted after a plea of guilty or not guilty, (ii) has completed the terms of their sentence, (iii) has no pending criminal charges, and (iv) has had no new convictions in the preceding three years. RCW 9.96.060(1)-(2); *Haggard*, 195 Wn.2d at 564-65 (Gordon McCloud, J., dissenting). An important nuance in these distinct schemes is that the misdemeanor vacation statute was enacted under chapter 9.96 RCW, a collection of laws that permit the restoration of civil rights for convicted offenders, whether through executive action by the governor or the Indeterminate Sentence Review Board, or through judicial vacation of records. *Id*.; *see* RCW 9.96.010, .050, .060. While vacation is necessary to restore the civil rights of misdemeanants who do not have their cases deferred and dismissed, it is not necessary for misdemeanants who satisfy

---

[7] Offenders are not eligible if they committed certain violent, alcohol or drug, sexual, or domestic violence offenses. RCW 9.96.060(2)(c)-(f).

16

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

the terms of their deferred sentence because such "rights were never lost." *Haggard*, 195 Wn.2d at 565 (Gordon McCloud, J., dissenting); *see* RCW 9.96.020 (certificate for restoration of civil rights applies to those convicted of felonies in superior court); *see also* RCW 9.92.066 (providing for restoration of civil rights after suspension of sentence in felony cases); RCW 9.96.010 (governor's power to restore civil rights to those "convicted of an infamous crime . . . whenever the maximum term of imprisonment . . . is about to expire or has expired"); RCW 9.96.060 (court's power to restore civil rights to certain misdemeanants by vacating judgment and sentence after completion of all sentencing terms). This distinction aligns with the purported goal of deferred sentencing to protect deserving defendants from severe collateral consequences of conviction, such as the loss of their civil rights. *See* MPC § 6.02B at 59; Love, *supra*.

If a guilty plea in a deferred disposition was to remain a "conviction" on a defendant's record for all purposes, as the majority concludes it should, then the crucial benefit of a dismissal following a deferred sentence is rendered meaningless. The majority argues that "it would be a strange result if vacated misdemeanor convictions could be used in future prosecutions but dismissed misdemeanor convictions . . . could not similarly be used." Majority at 13. I cannot agree. As discussed, deferred sentencing is made available only to "a small subset of 'deserving'" offenders who have committed misdemeanor offenses. *Shannon*, 60

17

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Wn.2d at 888 ("The granting of a deferred sentence and probation . . . is a rehabilitative measure, and as such is not a 'matter of right but is a matter of grace, privilege, or clemency granted to the deserving, and withheld from the undeserving,' within the sound discretion of the trial judge." (quoting *State v. Farmer*, 39 Wn.2d 675, 679, 237 P.2d 734 (1951))); *see Haggard*, 195 Wn.2d at 564-65 (Gordon McCloud, J., dissenting); RCW 3.66.067 (offenders who commit certain alcohol and drug violations are ineligible). A much wider selection of offenders are eligible for vacation of their convictions under the misdemeanor vacation statute. RCW 9.96.060. It is not unreasonable for our system to differentiate and protect certain offenders who have been deemed deserving of rehabilitation (as opposed to purely punitive incarceration) from the harsh collateral consequences that attach to others who have been deemed ineligible based on the nature of their offenses or history of offenses.

The majority also points out that explicit statutory language permitting the use of a vacated conviction in a subsequent prosecution is "necessary in the misdemeanor vacation statute to avoid the misimpression of an otherwise unlimited release of liability." Majority at 13. The majority concludes that there is no similar provision in the misdemeanor dismissal statute because it lacks "a similarly broad release of liability." *Id*. at 12. Legislative silence on this issue does not indicate an intent that misdemeanants who receive a deferred sentence and have their cases

18

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

dismissed should be subjected to the same penalties and liabilities as their ineligible peers. *Delgado*, 148 Wn.2d at 727 (court will not add language to unambiguous statute); *Watson*, 146 Wn.2d at 955 (same); *see Conover*, 183 Wn.2d at 713 (different language indicated different legislative intent).

Further, in any other situation in which a defendant enters a not guilty plea, the State bears the burden of proving every element of the charged criminal offense beyond a reasonable doubt. *State v. Chacon*, 192 Wn.2d 545, 549, 431 P.3d 477 (2018). In the deferred sentencing scheme under the misdemeanor dismissal statute, defendants are permitted to change their provisional plea to a not guilty plea and then have their case dismissed. RCW 3.66.067. Under the majority's reasoning, there is no conceivable purpose for permitting a defendant to change their plea to "not guilty"; treating a successful deferred sentence as a prior conviction in a nonsentencing context, despite the withdrawal of the defendant's guilty plea, essentially grants a conviction for the State without requiring it to meet its constitutional burden of proving guilt beyond a reasonable doubt. *See Chacon*, 192 Wn.2d at 549. By this logic, defendants are essentially induced to plead guilty, relinquishing their presumption of innocence and right to a fair trial, *id*., in exchange for an empty promise of "dismissal." The legislature could not have intended this absurd result.

19

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

The majority makes a valid point that the indecent exposure statute was designed, in part, to punish recidivist offenders more harshly. However, we cannot adopt statutory interpretations that undermine the integrity or render meaningless other provisions, even those in unrelated statutes. *King County Fire Prot. Dist. No. 16*, 123 Wn.2d at 826-27 (court aims to harmonize unrelated statutory provisions); *accord Livingston v. Cedeno*, 164 Wn.2d 46, 52, 57, 186 P.3d 1055 (2008) (reconciling two laws, public records act and statute prohibiting receipt or possession of contraband, "aimed at two different concerns"). By excluding Mr. Conaway's deferred sentence from the meaning of "previously been convicted," the State would not be able to convict him of a class C felony. RCW 9A.88.010(2)(c). However, Mr. Conaway's guilty plea could certainly come into play at sentencing because it unequivocally can assist the trial court in determining an appropriate punishment. RCW 9.94A.030(11). This result preserves the integrity of the misdemeanor dismissal statute while also upholding the indecent exposure statute's aim to prohibit certain criminal acts and to put people on notice of the precise consequences of their conduct. RCW 9A.88.010 (prohibiting intentional "open and obscene exposure of [one's] person or the person of another knowing that such conduct is likely to cause reasonable affront or alarm"); *see* RCW 9A.04.020(1)(c) ("The general purposes of the provisions governing the definition of offenses are: . . . [t]o give fair warning of the nature of the conduct declared to constitute an offense.").

20

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

III.     The rule of lenity mandates that we resolve ambiguity in the indecent exposure statute and misdemeanor dismissal statute in favor of Mr. Conaway

The majority's analysis concedes no ambiguity in either the indecent exposure statute or misdemeanor dismissal statute. However, because neither the indecent exposure statute nor the misdemeanor dismissal statute define "convicted" or "conviction" to include a provisional guilty plea followed by dismissal—and in light of several cases holding that the term "conviction" may have a different meaning depending on context and accompanying statutory provisions—I would hold that the indecent exposure statute and misdemeanor dismissal statute are ambiguous. *Cerrillo v. Esparza*, 158 Wn.2d 194, 203, 142 P.3d 155 (2006) (statute ambiguous if "two reasonable interpretations . . . arise from the language of the statute itself"). Under the rule of lenity, when analyzing ambiguous provisions, this court is constrained "to adopt an interpretation most favorable to the criminal defendant." *State v. Roberts*, 117 Wn.2d 576, 586, 817 P.2d 855 (1991). We are compelled, therefore, to conclude that a provisional guilty plea in a deferred sentence is not a predicate conviction in a subsequent prosecution under the indecent exposure statute. This conclusion is bolstered by the dictate that statutes must be construed harmoniously and to give effect to the legislature's intent. *Haggard*, 195 Wn.2d at 547-58; *King County Fire Prot. Dist. No. 16*, 123 Wn.2d at 826-27. The purposes of the misdemeanor dismissal statute have already been discussed at length. Chapter

21

*State v. Conaway*, No. 99592-3
Whitener, J., dissenting

9A RCW, the chapter in which the indecent exposure statute is found, provides that one crucial purpose of the chapter is "[t]o give fair warning of the nature of the conduct declared to constitute an offense." RCW 9A.04.020(1)(c).

Given the complex statutory provisions at play and our legal system's conflicting definitions of the term "conviction," it is not fair to criminal defendants to apply the SRA definition of "conviction" in nonsentencing contexts without explicit statutory provisions to put them on notice that guilty pleas (even provisional ones) will be counted in subsequent prosecutions. The legislature is fully capable of amending statutes to specify when provisional guilty pleas should count as convictions. We cannot take it on ourselves to circumvent the legislative process here. *Watson*, 146 Wn.2d at 955; *Benjamin Franklin Thrift Stores, Inc. v. Henneford*, 187 Wash. 472, 484-85, 60 P.2d 86 (1936) ("Courts cannot legislate.").

IV.     Under the common law meaning of "conviction," the evidence at trial was insufficient to convict Mr. Conaway of felony indecent exposure

Despite the Court of Appeals' regrettable mingling of the phrases "substantial evidence" and "sufficient evidence," I agree with the majority that the correct sufficiency of the evidence standard was applied in Mr. Conaway's case. Majority at 8 n.2. I disagree, however, that the evidence was sufficient to prove Mr. Conaway had previously been convicted under the indecent exposure statute.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Taken in the light most favorable to the State, the certified court docket and court clerk testimony were sufficient to establish that Mr. Conaway entered a deferred sentence and that he signed a plea of guilt statement. *See* 2 VRP at 471-77; Ex. 1. They also unequivocally show, however, that (i) his deferred sentence guilty plea was conditioned on Mr. Conaway having the opportunity to enjoy the full benefit of a deferred sentence provided he complied with the terms of the agreement and (ii) Mr. Conaway did fully comply with those terms, his plea was changed to not guilty, and the case was dismissed. 2 VRP at 474, 477; Ex. 1. Because the common law meaning of the term "convicted" should be applied in this case, and that meaning does not encompass a provisional guilty plea in a deferred sentence, the evidence was insufficient to prove that Mr. Conaway had "previously been convicted" under the indecent exposure statute for the purposes of proving the elements of felony indecent exposure in a subsequent prosecution.

CONCLUSION

The Court of Appeals erred in importing the SRA definition of "conviction" in a nonsentencing case. Because the indecent exposure statute does not expressly define "convicted," the common law meaning of the term applies, which does not encompass a provisional guilty plea in a deferred sentence. The complexity of the meaning of "conviction," as it is variably defined in our statutes and case law, creates substantial ambiguity in the misdemeanor dismissal statute and indecent exposure

23

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

statute as well as the interplay between them. This court is constrained under the rule of lenity to adopt the interpretation of "conviction" that is most favorable to Mr. Conaway.

Although the certified court docket and court clerk testimony were sufficient to prove Mr. Conaway entered a deferred sentence and signed a provisional plea of guilt statement, they were insufficient to establish that he had "previously been convicted" under the common law meaning of the term "conviction."

I would, therefore, reverse the Court of Appeals and vacate Mr. Conaway's conviction for felony indecent exposure.

_____
Whitener, J.

_____
Gordon McCloud, J.

_____
Yu, J.

_____
Montoya-Lewis, J.

24